KELLER v. CITY OF ST. LOUIS, Appellant.

Division One, December 12, 1899.

1. **Injuries to Minors**: DIVORCE: RIGHT OF WIFE TO SUE.    Prior to the bringing of this suit by the wife alone for damages due to injuries to her minor child, she and her husband had been divorced, and the "care and custody" of the child were awarded to the plaintiff, but no order was made "touching the maintenance" of the child.    *Held*, that, as the duty of supporting the child still devolved on the husband, and he was still alive when this suit was brought by the mother, it can not during his life be maintained by her.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

REVERSED.

Keller v. St. Louis.

B. SCHNURMACHER and CHARLES CLAFLIN ALLEN for appellant.

(1)   During the joint lives of the father and mother, the duty of supporting the infant children of the marriage devolves upon the father, and correlatively, and as some of the cases say, in compensation therefor, he is entitled to their labor.   Bishop on Marriage, Divorce and Separation, sec. 1158; 17 Am. and Eng. Ency. of Law, 755; 18 Am. and Eng. Ency. of Law, 379; Buck v. Street Ry., 46 Mo. App. 555; Whitehead v. Railroad, 22 Mo. App. 60; Hennessey v. Bavarian Brewing Co., 63 Mo. App. 111. (2) After the death of the father, the same duty is imposed upon the mother and the same right to services is conferred upon her.   Bishop on Marriage, Divorce and Separation, sec. 1158; Reeve's Dom. Rel. (4 Ed.), 369; Mathews v. Railroad, 26 Mo. App. 75; Mauermann v. Railroad, 41 Mo. App. 348; Dooley v. Railroad, 45 Mo. App. 308; 17 Am. and Eng. Ency. of Law, 379. (3)   The parental duty is not changed by a decree of divorce between the parents, the children being no parties to their controversy; and even though their custody is taken from the father and awarded to the mother, his obligations to them remain the same and hers are not increased, at least not in the absence of provision in the decree, awarding her a portion of his estate for their maintenance.   Therefore, the obligations of the father continuing, his right to the earning of the children continues.   Biffle v. Pullam, 114 Mo. 50; Conn v. Conn. 57 Ind. 323; McCarthy v. Hinman, 35 Conn. 538; Welch's Appeal, 43 Conn. 342; Buckminster v. Buckminster, 38 Vt. 248; Cowls v. Cowls, 8 Ill. 435; Plaster v. Plaster, 47 Ill. 290; Holt v. Holt, 42 Ark. 495; Bauman v. Bauman, 18 Ark. 320; Thomas v. Thomas, 41 Wis. 229; Courtright v. Courtright, 40 Mich. 634.

SENECA N. TAYLOR, CHARLES ERD and WILLIAM BUSH for respondent.

(1)   The statute is decisive that, where a husband has abandoned his wife and failed to support her, she shall be entitled to the proceeds of her own earnings and also the earnings of her minor children.   Sections 6856, 6859, R. S. 1889; State v. Mertz, 14 Mo. App. 58; Harris v. Bohle, 19 Mo. App. 530; Mauerman v. Railroad, 41 Mo. App. 349; Banes v. Bullock, 129 Mo. 120; Arnold v. Willis, 128 Mo. 145; Brown v. Dressley, 125 Mo. 593.   (2)   Duty of a parent to support and right to receive wages commence and end together.   The obligation and right are correlative.   The latter grows out of the former.   Buck v. Railroad, 46 Mo. App. 561; Husband v. Husband, 67 Ind. 583; Ramsey v. Ramsey, 121 Ind. 221; Brown v. Brightman, 136 Mass. 187; Hagan v. Pacific Mills, 158 Mass. 402; McElmany v. Turner, 86 Ga. 219; Jenness v. Emerson, 15 N. H. 489.   (3)   When the custody of the child is decreed to the mother in a divorce from its father, the latter, having no right to the child's services, is free from liability to the mother for the child's support. Husband v. Husband, 67 Ind. 583; Ramsey v. Ramsey, 121 Ind. 221; Brown v. Brightman, 136 Mass. 187; Jenness v. Emerson, 15 N. H. 489; Hagan v. Pacific Mills, 158 Mass. 402; McElmany v. Turner, 86 Ga. 219; Schouler's Domestic Relations (5 Ed.), secs. 237 and 254; 2 Bishop, Marriage and Divorce, sec. 557; 9 Am. and Eng. Ency. of Law, 872, 873; Harris v. Harris, 5 Kan. 46; Chandler v. Dye, 37 Kan. 765; Johnson v. Aust, 74 Mich. 437; Rich v. Rich, 88 Hunn. (N. Y.) 566; Brown v. Smith, 19 R. I. 319.

BRACE, P. J.—In this action the plaintiff seeks to recover damages for injuries to her minor son, Arthur Lauer, caused by the collision of a wagon, in which he was riding, with a sewer man-hole in one of the streets of the city, which

projected above the surface of the street. In the trial court the plaintiff obtained judgment for $225 and the defendant appeals.

At the time the suit was brought the father of the said Arthur was living, but he and his wife, the plaintiff, had been previously divorced and the custody of the child awarded to the plaintiff by the decree. The only question presented for our determination is whether in such case the divorced wife can maintain the action?

That while both parents are living, the duty of maintaining their minor children rests upon the father; that upon his death this duty is cast upon the mother; and that out of this duty arises the right of the parent to the services of the children during their years of minority, and to maintain an action therefor, or for an injury to the minor, *per quod servitium amisit*, may be conceded as established law, and is not disputed in this case. And if the father had been dead when this action was instituted, there could be no question of plaintiff's right to maintain the action. But being alive, the right of action was in him, unless the effect of the divorce was to deprive him of such right and confer it upon the plaintiff.

The statute provides that "When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as from the circumstances of the parties and the nature of the case, shall be reasonable." [R. S. 1889, sec. 4505.] Divorce as known to our law is the creature of statute, and the power the court has over the rights and liabilities of the husband and wife is to be measured by the terms of the statute. In the decree in this instance, no order was made "touching the maintenance of the children." The order made was limited to the "care and custody" of the children, which were awarded to the plaintiff. So far as this decree is concerned, the duty of maintenance and the correlative right to the service of the

children were left just where they were before the decree was entered, unless the order transferring the right of the husband to the care and custody of the children, to the wife, had the effect, *ex vi termini*, of transferring, to her, his duty of maintenance, with its reciprocal right to the services of the children.

That it had such effect the learned counsel for the respondent contends, and in support of his contention cites us to many authorities, all of which we have carefully examined, and find that the conclusion to be deduced from them in connection with those cited by counsel for the appellant, is well stated by an eminent author after a thorough discussion of the whole subject in the light of those authorities. Mr. BISHOP in his recent work on Marriage, Divorce and Separation, superseding his work on Marriage and Divorce, in summing up on this subject, says: "There have been differences of opinion, amounting in some instances to a stumbling on the 'not thought of' rock, as to the effect of a decree simply giving the custody to the wife, yet silent as to the maintenance. Does such decree, to which the children were not parties, deprive them of the right to be supported by the father? Does it so take from him their services as to relieve him of the duty to maintain them? We have one case in which the court decided that because after the decree 'he had no right, either to take the child and support it himself, or to employ anyone else to support it, without the mother's consent,' he was not answerable for necessaries furnished by a third person. But it was his own wrong that deprived him of the custody. And it is fundamental, equally in our law and in natural reason, that no one can cast off an obligation by refusing to keep it, or any duty by any evil doing. Therefore a better reasoned case holds that the duty of support 'is not to be evaded by the husband's so conducting himself as to render it necessary to dissolve the bonds of matrimony, and give to the mother the custody and care of the infant offspring. It is not the policy

of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties; or to enable the father to convert his own misconduct into a shield against parental liability.'" [2 Bishop on Marriage, Divorce and Separation, sec. 1223.]

In the recent case of Biffle v. Pullam, 114 Mo. 50, in which we held that the father was not deprived of his right of homestead by a decree of divorce giving the custody of the children to the mother, we gave the doctrine thus announced our approval. And now, after a more thorough examination of all the authorities, the leading cases of which are cited in the briefs of counsel, and need not be reviewed here, we are only the better satisfied of its soundness, as having the support not only of "right reason," but of nearly, if not quite all, the cases when they are read with discrimination and confined to the facts in judgment, and to the effect of a decree of divorce in which the care and custody of the minor child only are given to the mother, without imposing upon her the duty of its maintenance. What the effect of such an imposition might be, need not be discussed in this case.

It follows, then, that as the duty of supporting the child was not transferred by the decree to the mother, it still remained with the father—and as the right to the services of the child rests upon the duty to support, the right of action in this case is in him, and not in the plaintiff, and can not be maintained by her. The judgment of the circuit court will therefore have to be, and is reversed. All concur, except MARSHALL, J., not sitting.