MARY JANE MEYERS, Appellant, v. JOHN C.
MEYERS, Respondent.

91   151
97  ³123

**St. Louis Court of Appeals, December 17, 1901.**

1. **Divorce: DECREE AND ALIMONY: CUSTODY OF MINOR CHILDREN.** In the case at bar, the decree awarded the custody of the minor children to plaintiff wife, but nothing was said about their maintenance and nothing was allowed to the mother or to them for their future maintenance.

2. ———: ———: ———: ———: EARNINGS OF CHILDREN. The decree, as to the children, leaves the defendant in the same condition in respect to them, as he was before the decree was entered, except, by his own wrong he was deprived of their custody; he is yet entitled to their earnings and is bound for their support.

3. ———: ———: ———. It is held that where the statute authorized the court, awarding the custody of minor children in a divorce suit to the mother, to make provisions in the decree of divorce for their maintenance and to change it from time to time, and no such provision is made at the time the decree is entered, the mother may at a subsequent term, on petition or motion, obtain an order of the court compelling the father to provide her with means for the future support of the children.

4. ———: ———: ———: ———: STATUTORY CONSTRUCTION. Section 2926, Revised Statutes of Missouri authorizes the court, when it grants a decree of divorce, to make an order touching the alimony and maintenance of the wife and the custody and maintenance of the children, and further provides that the order for maintenance may, at any time after the decree on the application of either party, be changed and modified.

5. ———: ———: ———. And this section seems to authorize the court to modify an order for the maintenance of the children, as well as the order for the maintenance of the wife.

6. ———: ———: ———: MOTION: PLEADING AND PRACTICE. The statute regulating the procedure in divorce cases seems to contemplate that the order for alimony to the wife and for maintenance

of the minor children, should separate the alimony allowed the wife from the allowance for maintenance of the children.

7. ———: ———: ———. And in the case at bar, the motion called for no such separation or separate allowances; in fact it is a motion for additional allowance to the wife.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED *(conditionally).*

### STATEMENT OF THE CASE.

In the suit for divorce, brought by the plaintiff against the defendant in the St. Louis City Circuit Court, plaintiff, on July 17, 1896, obtained the following decree of divorce:

"The court having heretofore to-wit, on June 19, 1896, taken this cause under advisement and being now sufficiently advised of and concerning the premises, after hearing the evidence herein being satisfied that the plaintiff is an innocent and injured party and entitled to the relief prayed for in her petition, doth order, adjudge and decree, that she be absolutely and forever divorced from the bonds of matrimony existing between plaintiff and said defendant and that she be restored to all the rights and privileges of an unmarried person. And that until the further order of this court, she shall have the care, custody and control of the minor children, viz.: George W., Mary Jane, Sophia W., Charlotte B., and Henry S., mentioned in the amended petition.

"And it is further ordered adjudged and decreed by the court, that defendant pay to plaintiff alimony as follows: Fifty dollars for legal expenses, to be paid at once; one hundred dollars for repairs to house, to be paid at once, and thirty dollars per month to be paid on the fifteenth day of each month, beginning July 15, 1896, until the further order of this court."

At the October term, 1900, of the St. Louis City Circuit Court, the plaintiff filed her motion for an increase of monthly alimony, stating that the defendant had recently and since the decree in the divorce suit, come into possession of about twenty-five thousand dollars as a legatee under the will of John C. Vogel; and that plaintiff was unable to support herself and the minor children on thirty dollars per month. The evidence is that the allowance of alimony, as entered in the decree of divorce, was made by the court in pursuance of an agreement touching the same made by the parties after the court had announced that it would grant a divorce to the wife and would award her the custody of the minor children, then five in number.

The court also took evidence in respect to the property of defendant by which the fact was brought out that the defendant was a residuary legatee of the estate of John Vogel, deceased, then estimated at from one hundred and twenty-five thousand to one hundred and fifty thousand dollars, one-eighth of which defendant would be entitled to under the will of John Vogel, after the death of his widow, then seventy-three years of age. The alimony in kind, awarded to the plaintiff, divested defendant of more than two-thirds of all the visible property he then owned.

On hearing of the motion for additional alimony, it was shown that Mrs. Vogel died in the spring of 1900, and that defendant as a legatee under the will of John Vogel has, since the death of Mrs. Vogel, come into possession of ten thousand four hundred and eighty-five dollars and twenty-seven cents cash, and real estate in Findlay, Ohio, that yields a rent of from fifteen to twenty dollars per month; and that he receives a pension of fifty dollars per month from the insurance department of the Fireman's Association of the city of St. Louis; that he has remarried and has one child by his last wife; that two of the children of the plaintiff and defendant have become of age since the granting of the divorce; of the remaining

minors, one is a girl of sixteen years of age, in poor health and is a care rather than a help to her mother. The other two are twins, fourteen years of age, one of which is a boy, and the mother testified she was compelled to take him out of school and put him to work because she could not get along without his wages; that he earns two dollars and sixty cents a week and pays sixty cents of that for car fare.

After hearing the evidence, the court overruled the motion, and after an unsuccessful motion in review plaintiff appealed.

*Paxson & Clark* for appellant.

The court below erred in overruling plaintiff's application for an increase of alimony. R. S. 1899, secs. 2926, 2927, 2932; Schmidt v. Schmidt, 26 Mo. 232; Burnside v. Wand, 77 Mo. App. 382; Campbell v. Campbell, 87 Wis. 211; Bishop on M. & D., sec. 372.

*J. Hugo Grimm* and *Rassieur & Buder* for respondent.

(1) Upon the facts of this case we submit that the trial court properly overruled plaintiff's motion for increased alimony, and that its decision was inevitable. (2) The parties to the suit having agreed upon the provision to be made to plaintiff upon the divorce, the agreement being just and fair, and the court having adopted it, they are bound by their agreement, and the decree is not subject to change. 2 Nelson on Divorce, sec. 915; Martin v. Martin, 65 Iowa 257; Buck v. Buck, 60 Ill. 242; Calame v. Calame, 25 N. J. Eq. 548; 2 Bishop Mar. & Div., sec. 235; Calame v. Calame, 9 C. E. Green 440; Crews v. Mooney, 74 Mo. 30. (3) Under the authorities, it seems to be settled that people who are being divorced are not deprived of their right to contract with each other. If a contract is made between them for alimony and a

division of their property the court will, in the absence of fraud or imposition, adopt the agreement, and like any other contract, it will become binding upon the parties. 2 Nelson on Divorce, sec. 915: "An agreement of the parties with reference to the permanent allowance is valid, and it will generally be approved by the court, and a decree may be entered in conformity with it."

BLAND, P. J.—It is contended by respondent's counsel that the judgment of divorce is final and conclusive as to both parties, on the question of alimony. We agree with the respondent's learned counsel that so far as the alimony, in gross, is concerned, consisting of an award of specific property to plaintiff, the judgment is final; but it is not final as to the stipendiary alimony of thirty dollars per month. Both by the judgment and by the statute (sec. 2926, R. S. 1899), the order for monthly alimony is left open subject to the further, that is, future, orders of the court and is subject to such modifications from time to time as the changed condition of the parties in the future might justify.

II. It will be observed that the decree awarded the custody of the minor children to plaintiff, but nothing was said about their maintenance; nothing was allowed to the mother or to them for their future maintenance. The decree, as to the children, leaves the defendant in the same condition, in respect to them, as he was before the decree was entered, except, by his own wrong he was deprived of their custody; he is yet entitled to their earnings and is bound for their support. Keller v. St. Louis, 152 Mo. 596; Biffle v. Pullman, 114 Mo. l. c. 54; 2 Bishop on Marriage, Divorce and Separation, sec. 1223. In Penningroth v. Penningroth, 71 Mo. App. 438, this court held a father liable to the wife for the support of his child when he permitted it to remain with its mother after separation; and in Rankin v. Rankin, 83 Mo. App. 335, it was held by this court that where the father obtained a decree of di-

vorce from the wife, making no award of the custody of the children and which left them in the custody of their mother, his liability for their support remained as before and that the divorced wife, with whom the children had been left and who had maintained them, might recover of the father the moneys so expended by her.

It has been held in a number of cases that where the statute authorized the court, awarding the custody of minor children in a divorce suit to the mother, to make provisions in the decree of divorce for their maintenance and to change it from time to time, and no such provision is made at the time the decree is entered, the mother may, at a subsequent term, on petition or motion, obtain an order of the court compelling the father to provide her with means for the future support of the children.   Wilson v. Wilson, 45 Cal. 399; Call v. Call, 65 Me. 407; Husband v. Husband, 67 Ind. 583; Brow v. Brightman, 136 Mass. 187; King v. Miller, 10 Wash. 274; Erkenbrach v. Erkenbrach, 96 N. Y. 456.   In most, if not in all, of the States where these decisions were rendered, the statutes concerning divorce authorized the court at any time after the final decree of divorce to vary or modify the order touching alimony of the wife and the maintenance of the children of the marriage.

The Missouri statute (section 2926, Revised Code 1899) authorizes the court, when it grants a decree of divorce, to make an order touching the alimony and maintenance of the wife and the custody and maintenance of the children, and further provides that the order for maintenance may, at any time after the decree on the application of either party, be changed and modified.   This section seems to us to authorize the court to modify an order for maintenance of the children as well as the order for the maintenance of the wife.   In Chester v. Chester, 17 Mo. App. 657, alimony in the sum of eleven thousand five hundred and twenty dollars in gross was allowed the wife, and the custody of the minor child.   Five

years afterwards, she filed a motion for alimony for past expenditures in the support of the child. The motion was denied. This court, on appeal, affirmed the judgment. The court treated the motion in the nature of a petition in review of the judgment in the divorce suit touching the alimony and in that view of the case held that a petition for review of a judgment for alimony was restricted by section 2185, Revised Code, 1879 (now section 2931, R. S. 1899), to a review of the order touching the alimony of the wife alone and the custody of the minor children of the marriage; in the same case it was practically conceded that the court might have made an order for the maintenance of the child had it been applied for. We are aware of the fact that a number of respectable authorities hold that the wife can neither sue the father for past expenditures for the maintenance of minor children awarded to her in a decree of divorce, nor procure an order after the decree has been entered for their future maintenance if none was made in the original decree. But these cases proceed upon the theory that the wife, in such circumstances, is entitled to the earnings of the children and, therefore, liable for their support. This is not the law in this State. Keller v. St. Louis, supra. Other of these cases proceed on the erroneous assumption that the duty of the father to support the child, in such circumstances, must be founded on contract expressed or implied, leaving out of view the common law which places the primary obligation on the father to support his minor children.

The motion filed by plaintiff does not specifically ask for an additional allowance for the future maintenance of the minor children, but asks for an allowance to her for her support and to enable her to support the minor children. We do not think, under all the evidence and in view of what was allowed plaintiff as alimony in gross when the decree was entered, that her stipendiary allowance should be increased. But we are of the opinion that on a proper application made by her an allowance for the support of the minor children should be

made.    Our statute regulating the procedure in divorce cases seems to contemplate that the order for alimony to the wife and for maintenance of the minor children should separate the alimony allowed the wife from the allowance for maintenance of the children.    The motion called for no such separation or separate allowances, in fact it is a motion for an additional allowance to the wife.

The judgment is, therefore, affirmed, with leave to plaintiff, if so advised, to file a proper application for an order for an allowance for the future maintenance of the remaining minor children.    Judges *Goode* and *Barclay* concur in the result, but express no opinion touching any future application which may be made for the support of the minor children or for any other purpose.