PHILLIPPI, Respondent, v. PHILLIPPI, Appellant.

St. Louis Court of Appeals, May 16, 1905.

DIVORCE: Alimony and Maintenance: Review of Order. A decree of divorce awarding the custody of a minor child to the plaintiff, the mother, and a monthly allowance of alimony to her, but making no provision for the child, cannot be reviewed and the alimony increased on grounds connected with the support of the child.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED.

*Hickman P. Rodgers* for appellant.

(1) (a) It is error to increase the wife's permanent alimony on grounds relating to the maintenance of the child of the parties to the suit. Meyers v. Meyers, 91 Mo. App. 151. (b) It is also error to combine provisions for alimony and those for maintenance of a child in one order without stating them separately. (2) (a) An agreement between parties to a suit for divorce with respect to alimony is valid and binding. Crews v. Mooney, 74 Mo. 26. (b) "The power (to increase or diminish permanent alimony) is only exercised in a case that clearly calls for interposition, generally some marked change in the condition and circumstances of the parties." 1 Am. & Eng. Ency. of Law (1 Ed.), 482, and cases there cited.

*Crigler & Leahy* for respondent.

GOODE, J.—These parties were divorced by decree of the circuit court of the city of St. Louis June 25, 1902. The decree went in favor of the plaintiff, releasing her from the bonds of matrimony and giving her the care and

custody of the minor son of the parties, Nestor S. Phillippi, together with the earnings of said son. The decree for the custody of the child and the right to its earnings was made effective until the further order of the court. The decree was entered in accordance with the written stipulation of the parties as to the divorce, the custody of the child and the alimony to be awarded to the plaintiff, to-wit: $25 per month. That amount of alimony was awarded to the plaintiff personally, but nothing was said in the decree about the support and maintenance of the minor child. The stipulation for the decree was as follows:

"It is hereby stipulated by and between counsel representing plaintiff and defendant in the above-entitled cause that in the event that the court shall conclude from the pleadings and evidence in said cause that plaintiff is entitled to a decree of divorce, and shall award her such decree with the custody of her child, then the court may, in such final decree, award plaintiff alimony in the sum of $25.00 per month, payable on or before the 10th day of each month, until the further order of the court, on condition that defendant shall have the privilege of visiting said child once a week.

"HICKMAN P. RODGERS, counsel for defendant.
"CRIGLER & LEAHY, counsel for plaintiff."

It will be observed that the stipulation did not provide that the earnings of the minor child should go to the mother and that term of the decree was inserted on the court's own motion. The stipulation was the result of a correspondence between the parties which was concluded by a letter from Mr. Crigler, plaintiff's attorney, dated May 17, 1902. The letter is as follows:

"Mr. H. P. Rodgers:

"Your proposition coupled with matters which you and I understand is accepted on one or two changes:

"First: To-day, May 17th, is the time Mr. Phillippi is to pay the regular fifteen dollars which is due his wife. That must be paid, and for the last time.

"Second: Of course, Mr. Phillippi is to select his household trinkets and move away from his present abode and is not to visit premises any more except to see his minor child, Nestor, occasionally.

"Third: Mrs. Phillippi is not to be held responsible for any debts of Mr. Phillippi, and she says he owes about two hundred dollars with one year's interest, due May 15, 1902.

"Fourth: Mrs. Phillippi has to pay $22.50 per month rent in advance and we would ask that the monthly allowance of $25.00 should not be paid later than the first ten days of June, and each month thereafter.

"Now, Mr. Rodgers, I think you should allow me $25.00 which is a small fee in this case. I do not except this in my ————, but ask that the Court be permitted to allow me that. If you will confer with your client and notify me, we will draw up alimony papers.

"Yours truly,

"L. P. CRIGLER."

The testimony is that the terms of that letter were agreed to by the parties except the matter of Mr. Crigler's fee. At the December term, 1903, of the St. Louis Circuit Court the plaintiff filed a petition or motion for an increase of her monthly allowance of alimony. Her petition stated the sum awarded her for alimony in the decree of divorce, set out that the defendant was in arrears in paying it and then said the sum of $25 a month was not sufficient to meet the ordinary requirements of the plaintiff and her child, the latter having been seriously ill with typhoid fever for five or six weeks, entailing expenses for medicine and a physician which the defendant had agreed to pay but had not paid. The motion, or petition, further stated that the defendant was earning $125 a month and living in luxury and ease, while plaintiff and her child were striving to meet the ordinary requirements of living and comfort. There

was a prayer to the court to increase the plaintiff's allowance of alimony from $25 a month to such sum as the defendant could reasonably be called on to pay without seriously interfering with his affairs, and that he be required to pay the doctor's bill and bill for medicine incurred in behalf of her child. After the taking of testimony on the motion, the court ordered that it be sustained by the following entry:

"And that the monthly allowance heretofore awarded to plaintiff be increased to the extent of ten dollars, making such allowance thirty-five dollars per month, instead of twenty-five dollars, and the court doth therefore order, consider and adjudge that the plaintiff have and recover of said defendant as and for her alimony herein and for the support of the child of said parties, the sum of thirty-five dollars per month until the further order of the Court, payable on the 10th of each month and that in default of the payment of any of said monthly installments of alimony, execution issue therefor."

The testimony showed that when the plaintiff and defendant separated, the defendant surrendered to the plaintiff all their household goods and that he had previously paid for a house which stood in her name. At the time of the separation he was earning $100 a month and is still earning that sum and has never earned any more. While the parties were married the plaintiff earned money teaching school, but has not been able to do much in that line since the divorce. The defendant has married again and is now maintaining his wife and mother. So far as his circumstances are concerned, they are no better than when the decree of divorce was entered. But aside from the influence of the facts, this case seems to fall directly within the decision of Myers v. Myers, 91 Mo. App. 151, in which it was ruled that when a decree of divorce has been entered awarding the custody of a minor child to the mother and a monthly allowance of alimony to her, but making no provision for the maintenance of the child, the allowance of alimony

can not be increased on grounds connected with the support of the child. In that case the mother was not given the earnings of her minor child by the decree as Mrs. Phillippi was, which might be a most material circumstance. The motion in the Myers case did not specifically ask for an additional allowance for the future maintenance of the minor child, but for the support of the plaintiff, Mrs. Myers, and to enable her to support her minor child. It is like the plaintiff's case, which is controlled by it.

The order increasing the allowance is reversed. All concur.