ELIAS W. FUGATE, Appellant, v. JOHN ALLEN, Executor, et al., Respondents.

Kansas City Court of Appeals, June 18, 1906.

1. **WILLS: Pretermitted Child: Statute: Memory.** The statute making a testator intestate as to a child unmentioned in the will means not merely that his name is omitted and he is unprovided for but that he was forgotten by the testator and when the mention of one person by natural association suggests him it may be reasonably inferred that he was in the mind of the testator and not unintentionally omitted.

2. ———: ———: ———: ———: **Grandson.** The testator adopted his grandson and subsequently made his will leaving his estate to his wife for life and the remainder to his three daughters including the grandson's mother, mentioning them by name but made no mention of or provision for the adopted grandson. *Held,* the question is whether the grandson himself was forgotten and not whether the capacity in which he could claim a part was overlooked; and that the mention of the mother by name shows the testator had not forgotten him who was her son and bore the double relation to himself of son and grandson.

3. ———: **Deed of Adoption: Contract.** The deed of adoption making the grandson an equal heir with the testator's other children is a valid contract.

4. ———: **Divorce: Deed of Adoption: Consideration.** The father and mother of the grandson were divorced and the son's custody, care, and control was given to the mother, subsequently the mother's father and the divorced husband entered into a deed whereby the grandfather adopted the son and agreed to make him his heir. *Held,* the father's right over the child was not a sufficient consideration to support the deed of adoption.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Thomas & Hackney* for appellant.

(1) Under the facts shown in evidence in this case and under the facts found by the trial court, the plaintiff was entitled to a decree as prayed, and the trial court committed error in dismissing the plaintiff's bill.   (2) The trial court erred in holding that the mentioning of the plaintiff's mother in the will, and the making of a provision for her, was a sufficient naming of, or making provision for, the plaintiff.   (3) By the deed of adoption the plaintiff acquired the right to inherit from James M. Braden as his adopted father.   This would follow from the mere adoption itself, without regard to the special contract embraced in the deed to the effect that he would make him an equal heir.   Steele v. Steele,

161 Mo. 566. (4) At the time of the execution of the will of James M. Braden, he had three daughters and one adopted son. It was the duty of said James M. Braden to make plaintiff an equal heir with his said daughters, by the express terms of the deed of adoption, and in addition to this clause the naked adoption without more would require him to make mention of or provision for him in his will. R. S. 1899, sec. 4611; Fosburgh v. Rogers, 114 Mo. 122. (5) It was not necessary to make the deed of adoption valid and binding on James M. Braden that the mother of plaintiff should join in the deed. Clarkson v. Hatton, 143 Mo. 54. (6) The contract embraced in the deed of adoption that James M. Braden would make Elias W. Fugate an equal heir at law with his own children, that he should share his property equally with his own children, will be enforced against the estate of James M. Braden by a court of equity. Steele v. Steele, 161 Mo. 566; Wright v. Tinsley, 30 Mo. 389; Sharkey v. McDermott, 91 Mo. 647; Healey v. Simpson, 113 Mo. 346. (7) The trial court erred in holding that plaintiff's father had no power to make a contract with James M. Braden to the effect that plaintiff should share the property of said Braden equally with his own children. Keller v. St. Louis, 152 Mo. 596; Meyers v. Meyers, 91 Mo. 151.

*H. W. Blair* for respondent.

(1) Under the facts shown in evidence, the trial court correctly found the issues for the defendants and properly rendered judgment dismissing plaintiff's bill. (2) Respondents contend that the contract contained in the deed of adoption is void and cannot be enforced by plaintiff against the estate of James M. Braden. Our statute in regard to the adoption of children is composed of two separate and distinct parts and features. The first (sec. 5246, R. S. 1899) relates merely to the adoption; the second (sec. 5248, R. S. 1899) is confined

wholly to parties executing the deed of adoption. In re Clements, 78 Mo. 354; McElvane v. McElvane, 171 Mo. 244. (3) Such a thing as the adoption of children was unknown to the common law and we had no statute in this State in 1845 authorizing or providing for the adoption of children. Therefore, the statute passed in 1845 (now section 4611) could not, at the time of its passage, have applied to adopted children. The statute in relation to adopted children should be strictly construed because it is in derogation of the general law of inheritance, which is confined to natural relationship and is a rule according to nature which has prevailed from time immemorial. Sarazin v. Railroad, 153 Mo. 479; Tyler v. Reynolds, 53 Iowa 146; Shearer v. Weaver, 56 Iowa 578; Clarkson v. Hatton, 143 Mo. 47.

ELLISON, J.—This proceeding is by an adopted son of James M. Braden, deceased, against the executor of the will and deceased's three daughters, whereby plaintiff, who was not mentioned in the will, seeks to be declared entitled to a share in the estate. The judgment in the trial court was for the defendant.

James M. Braden was the grandfather of the plaintiff, being the father of plaintiff's mother. The latter was divorced from her husband the plaintiff's father. Afterwards plaintiff's mother married a man named Snow, her name becoming Betsy Catherine Snow. Braden adopted plaintiff as his son by the following deed in which plaintiff's father joined:

"This indenture, made and entered into this 13th day of November, A. D. 1877, by and between James M. Braden and Zachariah Fugate. The condition of this obligation is that, whereas, James M. Braden hereby agrees and binds himself to take and raise and maintain a certain boy, the son of Zachariah Fugate, named Elias W. Fugate, until the said Elias W. Fugate shall become twenty-one years of age. The said James M. Braden hereby agrees and binds himself to raise and educate the

said Elias W. Fugate as if he was his own child, and hereby obligates himself to make the said Elias W. Fugate an equal heir at law with his own children, and that he shall share his property equally with his own children, and in every respect treat the said Elias W. Fugate as one of his own children and the said Zachariah Fugate hereby agrees to leave the said Elias W. Fugate entirely to the custody and control of the said James M. Braden. To the performance of all the stipulations herein contained they each pledge and obligate themselves. And the parties further agree to have this instrument recorded in the recorder's office of Jasper county and State of Missouri.

"In witness of the above the parties, James M. Braden and Zachariah Fugate, have hereunto set their hands and seals the day and year above written."

After the adoption of plaintiff, Braden made the following will disposing of his estate, making no provision for plaintiff and not mentioning his name; viz.:

"Second. I give, devise and bequeath all of my property, real and personal (after the payment of my just debts, if any) to my beloved wife, Susan Braden, to to have, use and enjoy for and during her natural life; and after the death of my beloved wife it is my will and desire that all of my real estate and what remains unexpended of my personal estate shall be equally divided among my three daughters, viz: Betsy Catherine Snow, Alice Robinson and Mary Braden, and in case my said wife, Susan Braden, should not be living at my death, then and in that event I desire and direct that all of my property vest immediately at my death in my said daughters in equal shares."

There is no doubt but that a regularly adopted child, so far as the question in this case is concerned, becomes entitled to the same consideration as a child in fact. By the terms of section 4611, Revised Statutes 1899, a testator who fails to mention a child in his will, is considered to have died intestate as to such child, and he is

entitled to a share in the estate as though there had been no will.   But a failure to mention the child is construed to mean, in most instances, that he had forgotten it. This is a presumption of the law out of consideration of a child thus pretermitted. It is rather a farfetched presumption which is indulged out of tenderness for him who would otherwise be disinherited. That it is a stretch of presumption, for such reason, is apparent when we consider that when one is in such mental state as really to forget his own children he has about passed beyond testamentary capacity; and it would appear to be good reason for setting at naught the whole will instead of only as to those forgotten.   There is, however, nothing to be gained by such speculative suggestion as it is now settled law, enforced by the statute, that such presumption obtains in favor of the child.

But notwithstanding the statute reads that omitting to name or provide for a child leaves him with a right to inherit his share of the estate, yet his name may be omitted and he may be unprovided for, and still be disinherited if there is anything in the will to show that he was not forgotten.   The main point, made by construction, is, not is he named as required by statute, but was he forgotten?   "And whenever the mention of one person, by a natural association of ideas, suggests another, it may reasonably be inferred that the latter was in the mind   of the testator and was not forgotten or unintentionally omitted.
. . .   The mention of grandchildren will exclude the parent.   Weld v. Brewer, 2 Mass. 570; Church v. Crocker, 3 Mass. 17." [Woods v. Drake, 135 Mo. 393.]

When it comes to a question of whether a certain fact, is shown to be remembered, that is to say, is shown to be in the testator's mind, the thing relied upon as showing it, ought to be such a thing as establishes such recollection or memory beyond doubt.   The will, therefore, should include, within its terms, something which will destroy the presumption of lapse of memory, that

is to say, something of sufficient strength to overcome such presumption. Thus it is quite right to say as was held in Woods v. Drake, just cited, that when the testator named his grandchildren and omitted to name their mother, the will overcame the presumption and showed he had not forgotten the mother. For one cannot name his grandchild without being conscious of his own child, because of the impossibility of the thing— the former could not have existed without the latter. But it does not necessarily follow that one could not name his child, as was done by the testator in this case, without thinking of his grandchild. The mental act of thought of the grandchild necessarily includes thought of the child; but the act of thought of the child does not include a thought of the grandchild, since the child could be and exist without the grandchild, whereas the grandchild could not be, nor exist, without the child. And so, by much the same train of reasoning, the mental act of thinking of one as a son-in-law, though not so designated in the will, shows that the daughter must have been in mind. [Hockensmith v. Slusher, 26 Mo. 237.]

Therefore, left to us as an original question, we would not think it an unreasonable thing to say that a grandfather, in mentioning the name of his child, might not think of, or have in mind each of that child's children. But the question has been decided by the Supreme Court of this State and the opinion too was written by one of our greatest jurists, Judge SCOTT, wherein it is held that a mention in the will, of a deceased daughter of the testator, was sufficient to show that he had not forgotten her children. [Guitar v. Gordon, 17 Mo. 408.] In the face of such high authority to say nothing of its control over us, our own views become unimportant and dwarf into mere speculation.

We cannot allow the suggestion made by plaintiff's learned counsel in his oral argument, supplemented by the brief, to distinguish this case from the authority to which we have referred. It is said that the source of

plaintiff's rights or claim upon the estate, being the deed of adoption and not his blood-relationship through his mother, the mention of the latter cannot be said to have brought him to the testator's memory as an *adopted child*. That it cannot be said in a natural association of ideas, that memory and mention of the mother, showed a recollection of her son as an adopted son of the testator. We have not been cited to a case where the testor remembered and mentioned in his will the individual who was his child, and yet where it was attempted to be shown that he did not remember him as being his child, that is, that remembering the individual, he did not remember the relationship. As hinted upon in preceding lines, we should say to allow that a testator thought of the individual, but forgot the relationship, would come dangerously near destroying his capacity to make a will at all. But if memory of the mother by a natural association of ideas, brings to mind her child as decided in Guitar v. Gordon, supra, then the testator here did not forget her son, this plaintiff, who was also his adopted son. In considering such question, we must not lose sight of the fact that it is a question whether the claimant himself was forgotten, and not whether the capacity in which he could make a claim, was overlooked.

We must therefore hold with the learned special trial judge, that the mention of the testator's daughter, Betsy Catherine Snow, shows that he had not forgotten this plaintiff who was her son and bore the double relation to the testator of adopted son and grandson.

II. But there is another phase of the case to be gathered from the deed of adoption and which is among plaintiff's points. It will be observed that the deed is of a contractual nature and that thereby plaintiff was to be an equal heir with Braden's other children. Such contracts are valid in this State. [Steele v. Steele, 161 Mo. 566; Sharkey v. McDermott, 91 Mo. 647; Healey

v. Simpson, 113 Mo. 340; Teats v. Flanders, 118 Mo. 660; Nowack v. Berger, 133 Mo. 24.]

In this case plaintiff's mother and father were divorced and the custody, care and control of the plaintiff, by the judgment of the court pronouncing the divorce, was given to the mother, and she did not join in the deed of adoption. While it is true that a valid deed of adoption may be made by the adopting parent without the real parents joining therein so as to make the child an adopted child as against the adopted parent (Clarkson v. Hatton, 143 Mo. 47, 54) ; and while it is true that the mere awarding of custody of the child (nothing said as to maintenance) does not relieve the father of the duty of support (Keller v. St. Louis, 152 Mo. 596) ; yet, it must be seen and recognized that the consideration for the contract to make of plaintiff an heir, so as to take away the power of disinheritance, was that plaintiff would come into his custody and society and become a source of affection and attachment. He should become as a child to a father. [In matter of Clements, 78 Mo. 352.] This the plaintiff had no power himself to bestow and the father who signed the deed was deprived of any such power by the judgment of the court taking from him the custody and care. And conceding that in such circumstances as here presented the father had a right to any earnings of plaintiff (Keller v. St. Louis, supra; Meyers v. Meyers, 91 Mo. App. 151) ; yet it must be true that he cannot override the judgment of the court granting custody and care to the mother, by transferring such custody to another. It must be that while the father in such case may be entitled to any money which the child may earn, he cannot in the nature of things, consistent with the custody, care and control being in the mother, order and direct the child and decide for him when, where and what he shall do. It is therefore clear that there was no sufficient consideration to support a theory of adoption in the contractual

Lomax v. Electric Railway.

sense in which section 5248, Revised Statutes 1899, is construed in the Clements case, supra.

Considering the foregoing, we feel constrained to also adopt the view of the special trial judge as to this branch of the case. The judgment will therefore be affirmed. All concur.