### HERBERT JACOBS, PLAINTIFF, v. ROSALYN JACOBS, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided January 19, 1968.

*Mr. Emil Weisser,* attorney for plaintiff.

*Mr. Harold Kramer,* attorney for defendant.

Duffy, J. C. C. (temporarily assigned). This matter is presently before the court on plaintiff's order for defendant to show cause why she should not be enjoined from proceeding with a suit instituted in New York and why she should not produce their infant daughter for depositions pursuant to a suit started in New Jersey for an accident common to both suits. Plaintiff also sought attorney's fees and costs on this motion.

A brief statement of the facts will suffice. On April 11, 1967 a judgment *nisi* was entered for plaintiff Herbert Jacobs against defendant Rosalyn Jacobs. Defendant was awarded custody of the two minor children of the marriage. The judgment provided that plaintiff was to pay support and all medical payments.

Before the divorce was granted the parties' infant child Debora was injured at the litigant's apartment building, Carlton Towers, located in Passaic, New Jersey. The owner of the building is Carlton Tower Company, a partnership

having its principal office in New York City. The managing of the building is handled by Delta Sales Corp., a Mississippi corporation authorized to do business in New York. The manufacturer of the gate mechanism which allegedly caused the injury is Auto-Magic Door Opener Corp., a New York corporation. The injured child was treated in Passaic, where both defendant and the child live in Passaic, New Jersey.

On June 13, 1967 defendant instituted a suit in New York for damages and compensation against Carlton Tower Company. Defendant joined Auto-Magic Door Opener Corp., and Delta Sales Corp. as parties defendant.

Subsequent to the New York action, plaintiff began an action in New Jersey against Carlton Towers. Plaintiff's objections to the New York action and his attempted discovery are the basis for this motion. It is noted that defendant has made application in another New Jersey court for dismissal of plaintiff's action. This latter motion has been held in abeyance until our determination of plaintiff's motion.

At the outset it is noted that at the hearing of the present motion defendant's New York attorneys were permitted to appear *pro hac vice*. The attorneys for Carlton Towers were also heard as *amicus curiae*. At the hearing defendant's attorneys made the representation that plaintiff would be reimbursed for any out-of-pocket expenses incurred for medical expenditures. Plaintiff argues that he would nevertheless be prejudiced in that he is required to pay for support and medical expenses and should derive the benefit of any award of damages in view of his obligation. He also cites his responsibility in obtaining major medical insurance.

It appears that this court must resolve two issues: (1) whether a mother having custody of her infant child can maintain an action for damages stemming from a tortious injury to the child, and (2) whether the father's subsequent suit in another jurisdiction may supersede the mother's suit, thereby enabling the father to enjoin the first suit.

I

■ A parent may institute an action as guardian *ad litem* for injuries to the minor child, and a parent may also sue independently for loss of services or wages of the injured child.

■■ Considering the latter cause of action, a suit for loss of earnings or services of a minor child generally must be instituted jointly by the child's parents *except* "if one of the parents * * * has been deprived of its custody by direction of court * * * the other may sue alone". *N. J. S. A.* 9:1–1. *Pangborn v. Central Railroad Co., of New Jersey,* 32 *N. J. Super.* 289 (*App. Div.* 1954), affirmed in part and reversed in part, 18 *N. J.* 84 (1954). Plaintiff cites the case of *Keller v. City of St. Louis,* 152 *Mo.* 596, 54 *S. W.* 438 (*Sup. Ct.* 1899), to support his position that a father has an absolute right to maintain an action since he is required to "pay for all medical, dental, hospital * * * expenses of his children." That case is inapplicable in view of *N. J. S. A.* 9:1–1 and *Pangborn v. Central Railroad Co.,* of *New Jersey, supra.*

It is noted that *Friedrichsen v. Niemotka,* 71 *N. J. Super.* 398 (*Law Div.* 1962), is not contrary to the above proposition. The court there held that since a father must provide for medical care, he has a right to compel the child to submit to a physical examination. "The very property right to reimbursement for the cost of medical care which would belong to the child if he were an adult belongs to the parent." 71 *N. J. Super.,* at *p.* 402. It is noted that the *Friedrichsen* suit was an independent action and there was no dispute as to who should properly bring the action.

Clearly, the parent who *actually* pays for medical expenses caused or incurred as a result of tortious conduct is entitled to recover such expenditures. *Brennan v. Biber,* 93 *N. J. Super.* 351, 362 (*App. Div.* 1966), citing *Savoia v. F. W. Woolworth Co.,* 88 *N. J. Super.* 153, 164 (*App. Div.* 1965). However, in *Brennan* the issue was whether the wife could

maintain the action where the husband would have been barred by his contributory negligence. Obviously, that case is not applicable to the present one where the litigants have been divorced.

 Plaintiff asserts that since he was compelled to pay the medical expenses he is the only one who is entitled to recover, and he argues that defendant should be precluded from recovery by reason of the "collateral source rule." Plaintiff misconstrues that rule. The "collateral source rule" prevents the tortfeasor from claiming any benefits which the victim might have as a result of the latter's contractual coverage with an insurance carrier. *Patusco v. Prince Macaroni, Inc.* 50 *N. J.* 365, 368 (1967). Here it is not the tortfeasor who is claiming the benefit but rather the parent who was compelled to cover, in any manner he saw fit, the medical expenses of his child. This court does not believe that by reason of his obligation to pay for medical expenses he is entitled to maintain the action, the cases of *Brennan v. Biber* and *Friedrichsen v. Niemotka, supra,* being distinguishable from the case at bar.

## II

 Since defendant is entitled and is in fact the proper party to maintain the action, this court will not enjoin her from proceeding in New York. In conclusion, this court makes note of defendant's unequivocal assertion that plaintiff would be reimbursed for any out-of-pocket medical expenses and insurance premiums corresponding to the period of coverage involving the accident and payments therefor. This court has further considered the propriety of the New York proceeding according to New York's procedural rules, the place of the injury, the sequence of the suits and any possible prejudical inconvenience in the New York forum.

For all of the above reasons, plaintiff's motion is dismissed without attorney's fees or costs. Let an appropriate order be submitted.