## LORIEUX *v.* KELLER.

Questions not raised in, and passed upon by, the District Court, cannot be considered in the appellate court.

A will, whenever dated or published, takes effect only at the death of the testator.

In proceedings to prove up a will, the question is simply, whether the writing is the last will of the deceased, and whether it was duly executed and published by him; and this question, the court should try unincumbered by any other, and particularly should it be unincumbered by the question, whether the testator in his life-time, has provided for any of his children omitted by his will, and whether such omission was intentional or accidental.

The admission of the will to probate, decides no question but that relating to its due execution and publication.

The rights of heirs not provided for in the will of their ancestor, are to be governed by the law in force at the time of the death of the testator, and not by the law in force at the time of the execution of the will.

The execution of a will, in whatever sense it may be considered an "act done," under section 31 of the Code, creates no rights, and vests no title, not even an inchoate one, in the devisees, until the death of the testator.

Parol evidence of the declarations of a testator, is admissible, when its introduction is required by considerations extrinsic of the will, where it tends to establish and sustain the will, or where it consists of declarations made at the time of its execution, contemporary with the act, and showing its legal quality.

Such declarations are a part of the *res gestœ*, and in no sense contradict, add to, or explain the contents of the will.

Declarations of a testator, made at the time of the execution of the will, are admissible to prove that he had already provided for those of his children for whom no provision was made by the will, and that such omission was intentional, and not the result of accident or mistake.

The will of a testator cannot be excluded from probate, under section 19 of the statute of wills, approved February 13, 1843, on the ground that the testator has omitted to provide in it for any of his children, for whom he has made no provision in his life-time.

*Appeal from the Jefferson District Court.*

FRIDAY, SEPTEMBER 11.

Appeal from the judgment of the District Court, af-

firming the order and judgment of the County Court of
Jefferson county, by which a writing purporting to be the
last will and testament of Francis Lorieux, was proved,
allowed and admitted to record. On the day fixed for
hearing proof by the county court, of the execution of
the will, the defendants appeared and objected:

1. That the writing produced was not executed by
Francis Lorieux, and was not his will.

2. That the said Francis Lorieux died, leaving three
children, to-wit: Madeline Keller, Mary Lorieux and the
devisee, Joseph Lorieux; and the said Francis, by the pa-
per purporting to be his last will, bequeaths and devises
all his property to the said Joseph, making no provision
for the said Madeline and Mary, and they not having
been provided for by the testator in his life time.

3. That the said testator disposes of his homestead by
the said will, and does not reserve what is allowed by law
as a homestead, or otherwise given by law as privileged
property, to his family.

To these objections, the plaintiff replied, that the omis-
sion of the testator to make provision in his will for the
said Madeline and Mary, was intentional, and was not oc-
casioned by mistake or accident; that the will was made
before the enactment of any homestead law by the leg-
islature; and that the testator died, leaving no widow,
and no children living with him, having any claim to
homestead rights. On the hearing in the county court, it
was adjudged that the will be allowed and admitted to
record. The defendants appealed to the District Court,
and on trial before said court, it was proved that said
Madeline Keller was the daughter of the testator.
The plaintiff then proposed to prove, that the testator
had declared at the time of the execution of the will,
that he had already given to the said Madeline her
portion of his estate, and that the omission to make pro-
vision for her in his will, was not the result of mistake or
accident. The defendants objected to the evidence being

admitted, but the objection was overruled, and the evidence allowed.

The evidence, as reduced to writing by the District Court, was in substance, as follows:    The will was dated December 6th, 1847, and the testator died July 4th, 1856. He was a native of France, and came to the United States in 1844.    His wife had died some two years before him. His children were Joseph Lorieux, the plaintiff, Madeline Keller, one of defendants, and Mary Lorieux, who lived in France, and who had not been heard from for ten or twelve years.    The testator purchased the land devised to his son, and lived on it, until some five years before his death, and up to the time of his death, used the house erected on the land, as a stable.    There were three subscribing witnesses to the will, Ankron, Greber and Louden.    The testator came with the will to the house of Ankron, and requested him to go with him to the house of Louden.    The three then went to the house of Greber, when the testator exhibited the writing, stating that it was his will, and requested them to witness it as such.    They did so, at his request, in his presence, and in the presence of each other.    The witness, Ankron, before signing the will, gave it as his opinion that the same was not a valid or legal will, because no portion of the testator's estate was given to his daughter, Madeline Keller.    This opinion of Ankron, being communicated to the testator by Greber, he then said, that he had given to Madeline her portion in France, and he would not give her another dollar.    The testator could not write or speak the English language, and conversed with Ankron through Greber.    Greber could not read English, and spoke it but imperfectly.    It further appeared, that the testator and his wife had agreed to a separation, and division of their property, before emigrating to the United States.    The wife lived with the daughter, Madeline, and gave to her the property she received at the division, to keep her.    The father lived with Joseph Lorieux, the plaintiff, and gave to him his portion

of the property to keep and support him. The testator, by the writing produced as his will, after directing the payment of his debts, gives all his personal property and eighty acres of land, to his son Joseph, making no provision for his other children. Whether he was possessed of any other real estate, at the time of his decease, does not appear from the testimony.

The District Court affirmed the judgment of the County Court, and ordered that the will produced, be allowed and recorded, as the last will and testament of Francis Lorieux. The defendants appeal.

*Charles Negus*, for the appellants.

*Slagle & Acheson*, for the appellee.

STOCKTON, J.—The first objection made by the defendants, is that the writing is not sufficiently proved by the subscribing witnesses, to be the last will and testament of the deceased. This objection is based upon the fact, shown by the testimony, that the testator could not write or speak the English language; that the witnesses, Ankron and Louden, did not understand French; and that they could only communicate with the testator through the interpretation of the other witness, Greber, who could not read English, and who spoke it imperfectly. It is claimed that the testimony of Ankron and Louden, as to the disposition and intention of the testator, with regard to his will, is derived from a third person, (Greber) and amounts to hearsay testimony only. We think the objection is not well taken. To be available to defendants, this objection should have been made to the testimony in the District Court, and the question as to its admissibility, raised and passed upon there. As it was not made there, it cannot be considered in this court; and we can only look into the record for the facts, as they are found by the District Court, from which it appears, that the deceased acknowl-

edged the writing, to the three subscribing witnesses, to be his will, and requested them to attest it as such, which they did, in the presence of the testator, and of each other.

It is next objected by defendants, that the writing should not have been admitted to probate, as the will of decedent, because, having been executed by him in 1847, the testator omitted in it, to provide for his two children, Madeline Keller, and Marie Lorieux, who had not been provided for by him in his life time, and it did not appear that such omission was the result of mistake or accident. In support of this position, defendants rely on the act of February 13th, 1843, section 19, 670, which provides that "when any testator shall omit to provide for any of his children, or for the issue of any deceased child, they shall take the same share of his estate, both real and personal, that they would have been entitled to, if he died intestate, unless they shall have been provided for by the testator, during his lifetime, or unless it shall appear that such omission was intentional, and not occasioned by mistake or accident." It is claimed that the repeal of this act, by the code of 1851, in no manner affects the rights of the defendants, but that they are saved by the Code, section 31. Assuming this to be the law, the defendants insist that the District Court erred in allowing evidence to be introduced to show, that at the time of the execution of the will, the testator had declared that, "he had not omitted by mistake or accident to provide for said Madeline, but having previously given to her her portion of his estate, he intended to make no further provision for her."

It will be seen that the objections made by the defendants, to the ruling of the District Court, resolve themselves into four propositions:

1. That the omission by the testator, to provide for any of his children, or heirs, invalidates the will, unless they have been provided for by him in his lifetime, or unless it appears that such omission, was intentional, and not occasioned by mistake or accident.

2. That the rights of the heirs not provided for by the will, are to be governed by the law in force at the time the will was executed, and not by the law in force at the time of the death of the testator.

3. That the repeal of the act of 1843, did not repeal the law as to wills executed while it was in effect, and that the rights of the parties, accruing under the act, and otherwise affected by such repeal, are saved by the Code, section 31.

4. That the declarations of the testator, made at the time of the execution of the will, were inadmissible to prove that he had already provided for those of his children for whom no provision was made by his will, and that such omission was intentional, and not the result of mistake or accident.

Neither of these propositions can be sustained. No such effect can be given to section 19 of the act of 1843, 670, as shall exclude the will of any testator, from being admitted to probate, because he has omitted to provide in it for any of his children, for whom he has made no provision in his life-time. The question to be tried by the Probate Court in the first instance, and by the District Court, on appeal, is simply whether the writing is the last will of the deceased, and whether it was duly executed, and published by him as such. This question the court is to try, unincumbered by any other, and particularly should it be unincumbered by questions raising the inquiry, whether the testator in his life time has provided for any of his children omitted by his will, and whether such omission was intentional or accidental. The rights of the party, claiming a distributive share of his ancestor's estate, under said section 19, are not concluded by the order of the court admitting the will to probate. Such party may still, by proper proceedings, have the question of his right to a portion of his ancestor's estate, determined. The admission of the will to probate, decides no question, but that relating to its due execution and publication.

The will, whenever dated or published, takes effect only at the death of the testator. "A will shall have relation

VOL. V.     27

"only to the testator's death, and not to the making—for,
" till his death, he is the master of his own will; and, there-
" fore, the will of a papist in Ireland, was held to be avoid-
" ed by a subsequent statute made in that kingdom, which
" enacts, that the lands of a papist there, shall not be devis-
" able, but descend in gavelkind." 10 Bacon's Ab. Title
Wills, 479. The case of *Adams* v. *Wilbur*, 2 Sumner, 266,
is in point. The case is altogether similar to the present.
A statute of Rhode Island, (of like purport with section 19,
of act of 1843), in force at the date of the will, was repeal-
ed before the death of the testator. The action was eject-
ment, and the question arose between those claiming the
premises under the wife, the devisee by the will, and those
claiming under the son of the testator, pretermitted by the
will. STORY, J.—says: "If the section repealed had been
" in force at the time of the testator's death, it is admitted
" that the plaintiff would have no title to the estate, as it
" would have vested in the son by descent, *ex parte paterna*,
" in virtue of the section. The real question, therefore, is,
" whether the intermediate repeal, defeated the title which
" the son would otherwise have taken. Our opinion is that
" it did. * * * The will was ambulatory during the
" life of the testator, and no title could accrue to the son,
" until the death of the testator. * * * * He is to
" take, not by the bounty of the testator, but by the ope-
" ration of law. At the time when, if ever, this title was
" to accrue, there was no act in force, which conferred any
" such title upon him. It had been repealed, and its repeal
" put an end to the possibility of his acquiring any title
" under it." There is nothing in the code, section 31, to
help the defendants' case. The signing and executing of
the will, in whatever sense it may be considered an "act
done," creates no right, and vests no title, not even an in-
choate one, in the defendants. Their rights, if any, must
first accrue on the death of the testator. They do not claim
under the will, but in opposition to it, and they are seek-
ing to supersede it. The declarations of the testator at
the time of executing the will, that he had already given

to his daughter, Madeline Keller, her portion of his property, and that he intended to make no further provision for her, were certainly proper to be given in evidence, as going to show the intention of the testator, in the disposition of his property by his will. These declarations in no sense contradict, add to, or explain the contents of the will. They were not offered for any such purpose, but to show the circumstances under which the will was executed, and the relations of the testator to persons and things around him. Parol evidence certainly cannot be given to change the provisions of the will, from the construction which the letter of the testament and the law give it. It cannot be varied, altered or explained in such mode. While we agree in holding this to be the law, we must also hold, that parol evidence is admissible, when its introduction is required by considerations extrinsic of the will, where it tends to establish and sustain the will, or where it consists of declarations of the testator, made at the time of its execution, contemporary with the act, and showing its legal quality. Such are part of the *res gestœ.*

It is not contended but that it was competent for the plaintiff, when his rights under the will, are brought in question, in some manner to establish the fact, that the omission, by the testator, to make provision in his will for his children, was intentional, and not the result of accident. How may he show it? Must it appear from the will itself? The argument of the appellants, would preclude the possibility of its being shown in any other manner. We are of opinion that it may be shown in any legitimate mode, by extrinsic evidence, either written or parol, by the declarations of the testator, at the time of executing the will, or by any act, circumstances, or admission of the party, which will go to show that the defendants have received their portion of their father's estate, or that he intended to pass them by in his will.

The only remaining objection is, that the testator, by his will, disposed of his homestead, which, by law, it is claim-

ed, is reserved to his family, and for their use. We do not see the force or point of this objection. The testator left no widow, and had not lived on the land for five or six years, before his death, but had made his home with his son Joseph, the plaintiff, and used the old house on the land as a stable. On the death of the husband or wife, the survivor may continue to possess and occupy the homestead, until it is disposed of according to law. If there is no such survivor, it descends to the issue of either husband or wife, according to the general rules of descent, unless otherwise directed by will. Code, section 1263, 1264.

Judgment affirmed.