JEFFERSON CITY SAVINGS ASSOCIATION, Defendant in Error, *v.*
A. W. MORRISON, Plaintiff in Error.

1. *Interest — Money received by party who improperly applies it to his own use.*—When money is received by a party who applies it to his own use, or otherwise improperly detains it, he should pay the interest upon the money so used or detained.

2. *Practice, civil — Pleading — Demurrer waived by answering over.*—Defendant, by answering over after demurrer overruled, practically abandons the demurrer.

3. *Agency — Principal, by adopting acts of agent, makes them his own.*—A principal, by ratifying and confirming the acts of his agent, adopts them and makes them his own as from the beginning.

18—VOL. XLVIII.

*Error to Cole Circuit Court.*

*Ewing & Smith,* for defendant in error.

*A. M. Lay* and *Geo. T. White,* for plaintiff in error.

CURRIER, Judge, delivered the opinion of the court.

The defendant executed to the plaintiff's assignor an obligation as follows:

"Received of sheriff of Camden county, by hand of G. M. Swink, four hundred dollars in cash.................................................................$400

"Draft to T. E. Tutt & Co................................................................ 135

$535

"Five hundred and thirty-five dollars *to be placed to his credit in the settlement of the revenue of his county,* 3d May, 1861.

(Signed) A. W. MORRISON, Treas."

The plaintiffs, as assignees, sue upon this obligation, and the main question arising upon the merits respects the defendant's liability for interest. He held possession of the money from May 3, 1861, to February, 1866, a period of about five years, without causing it to be placed to the credit of the party according to the terms of the receipt, or otherwise accounting for it. He nevertheless denies his liability for interest.

The rule in relation to the allowance of interest, in the absence of an express or implied contract to pay it, is not the same in this country as in England. "The courts of the United States," says Sedgwick, "have shown themselves more liberally disposed, making the allowance of interest more nearly to depend on the equity of the case, and not requiring either an express or an implied promise to sustain the claim." (Sedgw. Dam. 438.)

Where money is received by a party who applies it to his own use, or otherwise improperly detains it, it is but just that he should pay interest upon the money so used or detained, and the courts of this country hold him to that liability. If, therefore, the defendant in this cause applied the funds intrusted to him to his own use, or otherwise improperly detained them, he should be held liable for the interest.

On this subject the jury were instructed as follows: " Among other facts to be found by the jury in this case is, whose duty it was, under the agreement, to make the settlement with the auditor for the revenue. If they believe from the evidence that Cummins, who was the sheriff of Camden county, from whom the money was received, was to make the settlement before Morrison was to pay over said money, then Morrison is not liable for interest on said money until Cummins made such settlement, or until a demand was made of Morrison for the same ; but if they believe from the evidence that Morrison was to make such settlement, or was to apply said money whenever he received the same to settle up or close up Cummins' account with the auditor, then Morrison is liable for interest on said money from the time he should have so placed the same to the credit of Cummins."

I fail to perceive that the defendant has any just ground of objection to this instruction. It was sufficiently favorable to him. The fair construction of the receipt upon its face is that Morrison should place the money to Cummins' credit in some reasonable time, without waiting for any further action on the part of Cummins. Morrison held the money for nearly five years, as we have seen, and there is no pretense that he kept it locked up and out of use awaiting a call from Cummins.

The petition was demurred to, and the questions raised by the demurrer have been argued by the defendant's counsel. But the demurrer was overruled and the defendant answered upon the merits, thereby abandoning the demurrer. The demurrer is practically out of the case. (Pickering v. Miss. Valley Tel. Co., 47 Mo. 457.)

But it is objected that the demand sued on was not legally assigned to the plaintiffs prior to the commencement of the suit, and objection is taken to the evidence offered in proof of the assignment. Ewing & Smith indorsed and delivered the receipt to the plaintiffs, acting in the name and behalf of Cummins. This was done without the knowledge or authority of Cummins. After the suit was commenced, Cummins, on being informed of the whole matter, ratified and confirmed the acts of the attorneys, Ewing & Smith. He thereby adopted the acts of the attorneys,

and made them his as from the beginning. (1 Pars. Cont. 49.) At the instance of the defendant the jury were instructed to find for the defendant unless they found that the contract was assigned to the plaintiffs for the purpose of collection. The jury found for the plaintiffs, and must have found that the obligation sued on was transferred for the purpose indicated in the instruction. The plaintiffs sue as the trustees of an express trust. (Gen. Stat. 1865, p. 651, § 3.)

There is no evidence to show that the transfer was made for any sinister object. The case is wholly unlike Capital City Bank v. Knox, 47 Mo. 333, where there was a plea to the jurisdiction, alleging that the transfer in that case was made for a fraudulent purpose. Here the answer is upon the merits, and raises different issues.

This disposes of the material questions in the case. I do not deem it necessary to review the instructions in detail which were asked by the defendant and refused by the court. The case turns on two points, namely: whether the plaintiffs were the proper parties to sue on the demand; and, second, whether the defendant was liable for interest. These have been sufficiently considered.

With the concurrence of the other judges, the judgment will be affirmed.