JURGEN TORDSEN *vs.* HENRY GUMMER.

July 18, 1887.

**Justice of the Peace—Jurisdiction—Title to Realty.**—*Held* that, upon
the trial of this case before the justice, the title to real estate appeared to
be involved and in dispute upon the evidence introduced, and that the
magistrate lost jurisdiction to proceed and render judgment.

Plaintiff brought this action before a justice of the peace, to re-
cover damages for the alleged unlawful occupation and use of a part
of his land by defendant.   The answer was a general denial.   A trial
was had and judgment rendered for plaintiff.   Defendant appealed,
upon questions of law alone, to the district court for Nicollet county,
where the judgment was reversed by *Webber*, J.   Plaintiff appeals
from the judgment of reversal.

*G. S. Ives*, for appellant.

*Jos. A. Eckstein*, for respondent.

VANDERBURGH, J.[1]   At the foundation of the controversy in this case
lies the dispute as to boundary lines between these parties.   It is
manifest that, in order to maintain his action, the plaintiff, under
the pleadings, was obliged to prove title to the *locus in quo;* and this
he accordingly undertook to do, at the trial, against the objection of
the defendant,—that is to say, he introduced evidence of his owner-
ship of the quarter-section described in the complaint, and that the
land in question, upon which defendant is alleged to have wrongfully
entered, was within the boundaries thereof.   It therefore became ap-
parent by the evidence of the plaintiff that the title to real estate was
involved and in dispute.   *Goenen* v. *Schroeder*, 8 Minn. 344, (387.)
The case should therefore have been certified to the district court un-
der Gen. St. 1878, *c.* 65, § 37.   The justice had no jurisdiction to
proceed to judgment, and his judgment was properly reversed by the
district court.

Judgment affirmed.

[1]Berry, J., because of illness, took no part in this case.