## BOMAN et al. v. BOMAN.

*(Circuit Court of Appeals, Ninth Circuit. January 25, 1892.)*

INTESTACY—EFFECT OF WILL.

A clause in a will devising "to each of my heirs at law the sum of one dollar" will not take the will out of the operation of a statute which provides that a testator shall be deemed to die intestate as to such child or children, or, in case of their death, descendants of such child or children, "not named or provided for" in his will. Code Wash. § 1325. 47 Fed. Rep. 849, reversed.

Appeal from the Circuit Court of the United States for the District of Washington.

In Equity. Action by Albert T. Boman and Arrisa L. A. Bilbrey against Mary E. Boman to compel her to render an account as executrix, etc., of George M. Boman, deceased. Plaintiffs appeal from a judgment sustaining defendant's demurrer to the complaint. Reversed.

*Andrew F. Burleigh*, for appellants.

*Junius Rochester*, for appellee.

Before DEADY, HAWLEY, and MORROW, District Judges.

HAWLEY, District Judge. This action was instituted to compel respondent to render an account as executrix of the estate of George M. Boman, deceased, and to pay to plaintiffs the amount which they, as children of the deceased, are legally entitled to receive. The complaint, among other things, alleges that plaintiffs are citizens of the state of Tennessee; that defendant is a resident of the state of Washington; that, in 1861, George M. Boman, now deceased, was married to Armilda C. Ramsey, both parties being at that time residents of the state of Tennessee; that plaintiffs are the issue of said marriage, and children of the said George M. Boman, born, respectively, in the years 1862 and 1864; that on the 1st day of December, 1890, in the county of Kings, state of Washington, the said George M. Boman made his last will and testament, a copy of which is annexed to and made a part of this complaint; that on the 19th day of December, in the state of Washington, the said George M. Boman, husband of the said defendant, died, leaving surviving him two children, viz., the plaintiffs herein; that at the time of his death he was possessed of an estate of about $200,000; that neither the plaintiffs nor their descendants have had any proportion of his estate bestowed upon them, or either of them, in his life-time, by way of advancement or otherwise; that he did not name the plaintiffs, or either of them, in his will, nor did he make any provision for them, or either of them, therein, or otherwise howsoever. The defendant demurred to this bill of complaint upon the ground that it did not state a case entitling plaintiffs to any relief against defendant. This demurrer was sustained, and, plaintiffs declining to amend their bill, judgment was rendered against them for costs, from which judgment plaintiffs appeal.

The questions to be considered upon this appeal call for an interpretation of certain clauses in the will, and a construction of certain provisions of the statute of Washington. ' The will reads as follows:

"*Item 1st.* I give, bequeath, and devise to each of my heirs at law the sum of one dollar. *Item 2nd.* I give, bequeath, and devise all the rest, residue. and remainder of my estate and property of every kind, real, personal, and mixed, and choses in action, to my beloved wife, Mary E. Boman. *Item 3rd.* I nominate and appoint my said wife, Mary E. Boman, sole executrix of this will, and I will and devise that she execute this will without giving any bond. *Item 4th.* I will and devise that my said executrix execute this will, pay all my just debts and funeral expenses, and settle my estate in her own way, without the intervention of probate court or any court; and I will and devise that the title to all of my said estate and property vest upon the probate of this will, without any judgment or order of the court to that end, in my said wife, Mary E. Boman."

Sections 1325 and 1326 of the Code of Washington, relating to wills, read as follows:

"Sec. 1325. If a person make his last will, and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, so far as he shall regard such child or children, or their descendants, not provided for, shall be deemed to die intestate, and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part. Sec. 1326. If such child or children, or their descendants, shall have an equal proportion of the testator's estate bestowed upon them in the testator's life-time, by way of advancement, they shall take nothing by virtue of the provisions of the preceding sections." Code Wash. 1881, p. 235.

How should section 1325 be construed? This provision is identical with the statutes of Missouri and of Oregon, and we must therefore look to the decisions of these states to ascertain its proper judicial construction. Prior to the adoption of the Washington Code, it had been decided by the supreme courts of Missouri and Oregon that the statute did not require that any actual provision should be made for the children, nor that the children should be necessarily designated by name. The object and intent of the statute was to provide against the children of a testator, or descendants of such child or children, from being overlooked or forgotten. The fact that the children are not named or alluded to in such a manner as to affirmatively show that they were in the testator's mind will furnish conclusive evidence that they were forgotten, and that the testator unintentionally left them unprovided for. *Wetherall* v. *Harris*, 51 Mo. 68; *Gerrish* v. *Gerrish*, 8 Or. 351. The statute creates a presumption that the children were forgotten unless they are named or provided for in the will. *Pounds* v. *Dale*, 48 Mo. 273. RICHARDSON, J., in delivering the opinion of the court in *Hockensmith* v. *Slusher*, 26 Mo. 237, said that the object of this provision of the statute "is to produce an intestacy only when the child, or the descendants of such child, are unknown or

forgotten, and thus unintentionally omitted; and the presumption that the omission is unintentional may be rebutted when the tenor of the will, or any part of it, indicates that the child or grandchild was not forgotten."

In the light of these decisions, what is the proper construction to be given to the words in item 1 of the will,—"I give, bequeath, and devise to each of my heirs at law the sum of one dollar?" The contention of respondent, briefly stated, is that the term "heirs at law" includes the children of the testator, and that it therefore necessarily follows that the children were sufficiently referred to; that they were provided for, and were not overlooked or forgotten. This contention is sought to be maintained upon the authority of *Allen* v. *Claybrook,* 58 Mo. 124. The principles decided in that case are unquestionably correct as applied to the facts of that case, which are wholly different from those with which we have to deal. The point involved in that case did not call for any construction of the statute, but related solely to the proper interpretation of the clause in the will which, in speaking of the residue of the estate of the testatrix, directed the executors of the will to "secure the one-half thereof, by trust or otherwise, for the benefit of my niece, Mrs. Jane Allen, daughter of my sister Gatewood, (who is said to be in destitute circumstances,) and her children, and not to be subject to the control of her present husband." The contention there was that this provision in the will was a bequest for the benefit of Jane Allen alone, and that the mention of the word "children" was only for the purpose of showing that it was intended that Jane Allen should hold the property for her children, free from the control of her husband. The court held that the bequest was made for the benefit of Jane Allen and her children, and that no power was attempted to be vested in Jane to dispose of the whole property; and in coming to this conclusion the court said:

"The children having been designated as a class, without further description, the general rule is that it will include all who answer to the description at the time the will took effect."

That authority gives no color to the proposition that by the use of the words "heirs at law" in Boman's will this court should hold that his children were in his mind at the time he made his will; that they are referred to and provided for, and were not overlooked or forgotten. His children were not designated as a class. No children were mentioned or specifically referred to. The words "heirs at law" may, it is true, be read to mean "children," and should always be so construed if the context distinctly shows that the words were employed in that sense by the testator. The term "heirs at law," however, in its general definition, includes many others. It is not limited to children. It may be used, and is often used, in cases where there are no children. It includes parents, brothers and sisters, etc. Who can tell by reading this will what particular heirs were in the mind of the testator at the time he signed the will? Does it clearly appear that it was his intention to provide for his children? Is it manifest upon the face of the will that his

children were not overlooked or forgotten? Certainly not. In *Harga-dine* v. *Pulte*, 27 Mo. 423, the testator bequeathed all his estate, real, personal, and mixed, to his wife, to the exclusion of all and every person or persons, be the same relatives or not; and the court held "that the phrase 'relatives' might be very naturally understood as not embracing one's children."

The controlling question to be considered is not whether the children would be entitled to inherit and recover the amount bequeathed to the heirs at law, but whether or not it appears upon the face of the will that the children were in the testator's mind at the time he made the will. The terms of the will, in order to show the intent of the testator to remember his children, or to make provision for them, should, under the statute, be clear, specific, definite, and certain. The presumptions of the law are all in favor of the children. These presumptions, in order to disinherit them, or to cut them off with a shilling or other nominal sum, can only be overcome by the use of words plainly indicating that the testator had his children in his mind at the time he made his will. This must appear either by express mention, or by necessary implication from the face of the will itself. It has been held in states having a different statute from the one under consideration that parol evidence is admissible to show that the children were intentionally omitted from the will. *Wilson* v. *Fosket*, 6 Metc. (Mass.) 400; *Ramsdill* v. *Wentworth*, 101 Mass. 125; *Buckley* v. *Gerard*, 123 Mass. 8; *Whittemore* v. *Russell*, 80 Me. 297, 14 Atl. Rep. 197; *Lorieux* v. *Keller*, 5 Iowa, 196. But in states having the same or a similar statute to that under consideration it has been uniformly held that such evidence is inadmissible. *Bradley* v. *Bradley*, 24 Mo. 311; *Pounds* v. *Dale*, 48 Mo. 270; *Chace* v. *Chace*, 6 R. I. 407; *Garraud's Estate*, 35 Cal. 336; *Estate of Stevens*, 83 Cal. 322, 23 Pac. Rep. 379. It was the design of the statute, as was said by BELL, J., in *Gage* v. *Gage*, 29 N. H. 533,—

"That no testator should be understood to intend to disinherit one of his children or grandchildren, who are by nature the first objects of his bounty, upon any inference, or upon any less clear evidence than his actually naming or distinctly referring to them personally, so as to show that he had them in his mind; it being reasonable to suppose that those about the sick and the aged would not be anxious to remind them of the absent unnecessarily. This is a simple and plain rule, easily understood and remembered by everybody, and is in accordance with the general impression, doubtless derived from the language of the statute."

The judgment of the circuit court is reversed, and the cause remanded.