In Re Estate of PETERSON.   CHELLQUIST et al., Appel-
lants, *v.* EUSTANCE, Respondent.

(No. 3,366.)

(Submitted March 21, 1914.   Decided April 1, 1914.)

[140 Pac. 237.]

*Probate   Proceedings — Distribution   of   Estate — Objections —
Wills—Omission   of   Children—Construction—Intention   of
Testator—Admissibility   of   Evidence—Trial—Notice.*

Probate Proceedings—Hearing—Notice.
  1.   Section 7141, Revised Codes, providing that where written notice
  of a motion is necessary, it must be given five days before the time
  set for hearing, *etc.,* held inapplicable to the trial of an issue raised
  by a petition for distribution of an estate and objections thereto set
  for hearing.

Same—Wills—Pretermission of Children—Intention of Testator—Evidence—
  Admissibility.
  2.   Under Revised Codes, section 4755, providing that, where any tes-
  tator omits to provide in his will for any of his children, unless it
  appears that such omission was intentional, such child must have the
  same share in the estate as if testator had died intestate, *etc.,* evi-
  dence *dehors* the will may be received to ascertain whether the
  omission was intentional.

  [As to admissibility of evidence in case of pretermitted child, see
  note in 115 Am. St. Rep. 589.]

*Appeal from District Court, Cascade County; H. H. Ewing,
Judge.*

In Re Estate of Mathilda Peterson, Deceased.   Petition
for distribution by Ellen S. Eustance, to which George Chell-
quist and another filed objections.   From a decree for peti-
tioner, objectors appeal.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. Fred. A. Ewald,* for Appellants.

*Mr. C. H. Benton,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

On February 2, 1902, Mathilda Peterson died, leaving a will
which designated Amandus J. Chellquist, her son, and Ellen S.

Eustance, her daughter, as sole devisees. At the time the will was executed, Mrs. Peterson had several other children living, but no one of them is named in the will, and no provision is made for any of them. The daughter, Ellen S. Eustance, was appointed administratrix with the will annexed, and in October, 1912, presented to the district court her final report and petition for distribution. She set forth that she had succeeded to the interest of her brother Amandus J. Chellquist and prayed that the entire property belonging to the estate be distributed to her. Due notice was given that the report and petition would be heard on November 6. On November 4 George and Bert Chellquist, sons of the deceased, filed their written objection to the distribution of all the property to Ellen S. Eustance, upon the ground that, being children of the deceased not named or provided for in the will, they should share in the estate as though the deceased had died intestate. On February 12, 1913, counsel for the administratrix gave personal notice to the attorney for the objectors that on February 15 the issue raised by the petition and objection, viz., whether Mathilda Peterson intentionally omitted to name or provide for the objectors in her will, would be tried by the district court. On March 25 a decree of distribution in conformity with the prayer of the petition was rendered and entered, and the objectors appealed.

Some technical questions of practice are raised, but they are not entitled to serious consideration. The only issue presented by the objectors was their right to participate in the estate, and that was presented by the petition for distribution and the written objections thereto. When an issue is thus raised in a probate matter, it is to be tried and determined as an ordinary civil action (Rev. Codes, secs. 7711, 7714, 7398), except that a jury trial is a privilege, and not a matter of right (section 7715). Complaint is made that the notice provided for in section 7141 [1] was not given to objectors before the trial was had on February 15, but counsel is mistaken in assuming that section to be applicable to the situation presented here. The notice there mentioned is a notice of a motion. The issue formed by the petition for distribution and the written objections thereto was

49 Mont.—7

for trial before the court, and we do not know of any rule of law or practice which requires that any fixed period of time shall intervene between the day upon which a cause is set for trial and the day of the trial. If the objectors were not ready on February 15, they should have asked for a continuance, and their failure to do so constituted a waiver of any objection on their part to the date set for the trial.

The record is apparently not complete. The appeal is sought to be presented upon the judgment-roll, but there is not any proper certificate. The certificate attached contains a great many recitals which the clerk has no authority to make, but fails to state that the papers enumerated constitute the judgment-roll. For a discussion of questions of practice in probate matters, see *In re Dougherty's Estate,* 34 Mont. 336, 86 Pac. 38.

An important question, and one of first impression in this jurisdiction, is presented for determination, *viz.:* Could the trial [2] court receive evidence *aliunde* the will that the testatrix intentionally omitted reference to, or provision for, any of her living children other than the two who were named in the will? Section 4755, Revised Codes, reads as follows: "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section." The clause "unless it appears that such omission was intentional" suggests the inquiry before us: How may such intention be made to appear? Is the trial court limited in its inquiry to the will itself, or may evidence *dehors* the will be received? In the absence of any adjudications, we might find some indication of legislative intention in cognate provisions of our Codes. In each of the following sections the lawmakers, in unmistakable terms, limited the inquiry to the will itself as the exclusive source of information respecting the subjects treated: Sections 4745, 4746, 4747, 4759, and 4760. Section 4764 authorizes the court to resolve any uncertainty arising on the face of

the will, by reference to other provisions, taking into considera-
tion the circumstances under which the will was made, exclusive
of the testator's oral declarations. Similar provisions are
found in section 4786. Section 4757 provides that, if the chil-
dren omitted from the will have received their portions of the
estate during the testator's lifetime by way of advancements,
then they shall not take anything by virtue of section 4755
above. It would seem very clear that evidence *dehors* the will
might be received to show whether the pretermitted children had
received advancements, and, if so, to what extent. When the
legislature intended to limit the court's inquiry to the will it-
self, it experienced no difficulty whatever in manifesting that
intention in plain, terse English, and the fact that no such re-
striction is imposed by the clause quoted from section 4755 above,
would seem to suggest that it was the purpose of the legislature
to leave the trial court free to ascertain the intention of the
testator from any competent evidence, extrinsic as well as in-
trinsic.

Many of the states have statutory provision similar to our sec-
tion 4755, above. Washington, Oregon, Missouri, New Hamp-
shire, Rhode Island, and Tennessee each has a statutory provi-
sion on the same subject, but in each instance it is mandatory
in form that, if the child is omitted from the will, it takes as
though the testator died intestate. Under such a statute, the
will alone can be consulted, and the reason for the rule is man-
ifest. (*Bower* v. *Bower,* 5 Wash. 225, 31 Pac. 598; *Gerrish* v.
*Gerrish,* 8 Or. 351, 34 Am. Rep. 585; *Bradley* v. *Bradley,* 24 Mo.
311; *Gage* v. *Gage,* 29 N. H. 533; *Chace* v. *Chace,* 6 R. I. 407,
78 Am. Dec. 446; *Burns* v. *Allen,* 93 Tenn. 149, 23 S. W. 111.)
Prior to 1836 the Massachusetts statute was also in terms man-
datory, but after the enactment of that year the statute con-
tained this clause: "Unless it shall appear that such omission
was intentional and not occasioned by any mistake or accident."
Under the amended statute it has been held uniformly since
*Wilson* v. *Fosket,* 6 Met. (Mass.) 400, 39 Am. Dec. 736, that
evidence *dehors* the will may be received to ascertain whether

the omission was intentional. The clause found in the statutes of Nebraska, Maine, Iowa, Michigan and Wisconsin is substantially the same as that quoted above from Massachusetts, and the same rule prevails in those states. (*Brown* v. *Brown,* 71 Neb. 200, 115 Am. St. Rep. 568, 8 Ann. Cas. 632, 98 N. W. 718; *Whittemore* v. *Russell,* 80 Me. 297, 6 Am. St. Rep. 200, 14 Atl. 197; *Lorieux* v. *Keller,* 5 Iowa, 196, 68 Am. Dec. 696; *In re Stebbins' Estate,* 94 Mich. 304, 34 Am. St. Rep. 345, 54 N. W. 159; *Moon* v. *Evans' Estate,* 69 Wis. 667, 34 N. W. ·20.)

It will be observed that the words "and not occasioned by any mistake or accident," found in the statutes of the last-named states, including Massachusetts, are omitted from ours. California, North Dakota and Utah each has a statute like our own. Because of this difference in the language between the statute of Massachusetts and its own, the supreme court of California reached the conclusion that a different rule should prevail, and held extrinsic evidence inadmissible to show that the omitted children were purposely omitted. (*In re Garraud's Estate,* 35 Cal. 336.) . In *Coulam* v. *Doull,* 4 Utah, 267, 9 Pac. 568, upon the same statute the Utah territorial court reached the contrary conclusion, and upon appeal to the supreme court of the United States, the judgment of the Utah court was affirmed. The decision in *Garraud's Estate* was severely criticised, and it was pointed out that the addition of the words "and not occasioned by any mistake or accident" does ·not change the effect of the statute; that the same rule would have been applied in Massachusetts if those words had not been added; and that, since the Massachusetts statute is the parent of all these others, and had received construction in *Wilson* v. *Fosket* before it was adopted in California or Utah, that construction should be entitled to great consideration, if, indeed, it should not be held controlling. (*Coulam* v. *Doull,* 133 U. S. 216, 33 L. Ed. 596, 10 Sup. Ct. Rep. 253.) The supreme court of North Dakota has likewise followed the Massachusetts doctrine. (*Schultz* v. *Schultz,* 19 N. D. 688, 125 N. W. 555.) In the consideration

of a statute anything like ours, the California court stands alone in its position.

From the standpoint of sound reasoning, as well as the weight of authority, we adopt the Massachusetts rule, and hold that, in receiving oral evidence of the intention of Mathilda Peterson to omit any reference to her children other than the two named in the will, the trial court did not err.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.