Argued January 4, affirmed February 6, rehearing denied March 13,
objections to cost bill sustained April 10, 1923.

# ROOTS ET AL. *v.* KNOX ET AL.

(212 Pac. 469; 213 Pac. 1013.)

**Descent and Distribution—Testator not Providing for Heir Dies Intestate as to Omitted Heir's Proportionate Share.**

1. Under the express provisions of Section 10101, Or. L., a testator making no provision in his will for a child or children or descendants of such child or children, although born after execution of the will, dies intestate, so far as the proportionate shares of such omitted child or children are concerned.

**Descent and Distribution—Parol Evidence Incompetent to Establish Intent of Testator to Omit Heir in Will.**

2. Under Section 10101, Or. L., the intention of a testator to omit to provide for or name an heir in his will must be determined from the language used in the will, and parol evidence is incompetent to establish such intent.

**Descent and Distribution—Express Mention of Sister Without Mention of Brothers in Will Insufficient to Overcome Presumption of Unintentional Omission.**

3. Under Section 10101, Or. L., the express mention of a sister in a will, without any allusion to her brothers, is insufficient to overcome the presumption that the omission of the names of the brothers was unintentional.

**Wills—Courts must Obey Directions of Will and Carry Out Testator's True Intent.**

4. The statutes require courts to obey the directions of a will and to carry out the true intent and meaning of the testator as therein expressed.

**Wills—Courts will Execute Wills According to Intention of Testator Ascertained from Instrument Itself.**

5. In construing wills, the courts will consider the position and surrounding circumstances of the testator, and ascertain from the entire instrument the true meaning of the testator, which will be executed, regardless of their notions of a proper distribution of his property.

---

2. Parol evidence as admissible to show whether living child was intentionally omitted from will, see notes in 8 Ann. Cas. 637; Ann. Cas. 1916A, 718.

Admissibility of extrinsic evidence as to whether omission of after-born child from will was intentional, see notes in 13 L. R. A. (N. S.) 781; 51 L. R. A. (N. S.) 646.

ON OBJECTIONS TO COST BILL.

**Costs—Not Awarded Where Parties Mutually Interested.**

6. In a suit involving the construction of a will and an exposition of Section 10101, Or. L., where the suit was of mutual interest to both parties, neither party would be awarded costs and disbursements in Supreme Court.

From Clackamas: James U. Campbell, Judge.

Department 2.

This is a suit in equity instituted by plaintiffs to quiet title to lands situate in Clackamas County, Oregon.

On February 22, 1919, James W. Roots, of Boring, Clackamas County, Oregon, made his last will and testament. At the time of the execution of his will, his heirs at law were Eliza A. Roots, his wife, Thomas A. Roots, his son, Myrtle I. Telford and Amy L. Morand, his daughters; Iness L. Knox-Gribble, Roscoe R. Knox and Thomas J. Knox, his grandchildren, the only surviving children of Hattie S. Knox who was Hattie S. Roots before her marriage to one Horace Knox, the father of the three grandchildren of James W. Roots.

On March 21, 1919, James W. Roots died, leaving surviving him as his heirs at law the persons hereinbefore enumerated as such.

The second paragraph of the will reads:

"Second: I hereby devise and bequeath unto my said wife, Eliza A. Roots, Thomas A. Roots, my son, Myrtle I. Telford, my daughter, Amy L. Morand, my daughter, and Iness L. Knox, my granddaughter, all the rest and residue of my estate, of whatever name or character, or wherever situated, to be owned by them share and share alike."

The defendants, descendants of deceased, were not named or provided for in the will. These defendants, Roscoe R. Knox and Thomas J. Knox, by his

107 Or.—7

guardian, Horace Knox, appeared and filed an answer to the suit instituted against them, and for a further and separate answer averred, among other things, that the last will and testament of James W. Roots, deceased, failed to name or to make any provision for them, or either of them, and that by reason of such omission they, as heirs of decedent, "are entitled to such proportion of the estate as would be theirs if the said James W. Roots had died intestate."

A demurrer interposed to the answer of the defendants was overruled. The plaintiffs replied, and for a first further and separate reply averred, among other things:

"That at the time of the execution of said will by the decedent, decedent knew of and remembered his said deceased daughter, Hattie S. Knox, the mother of each of said defendants; and at the time of the execution thereof and for a number of years immediately preceding the execution of said will, said decedent knew of and remembered and almost daily mentioned and spoke of said deceased daughter and her said three children mentioned and alleged in the answer of said defendants; * * that said defendants as said grandchildren * * were not forgotten by the said decedent nor unintentionally omitted from said will by him, and that neither of said defendants has any right, title or claim whatsoever in and to said real property or said estate."

For a second further and separate reply, the plaintiffs alleged, in part:

"That said decedent, at the time of the execution of said will, specifically remembered his deceased daughter, Hattie S. Knox, and by said will bequeathed unto Iness Knox (now Gribble) all of an undivided one-fifth share of his said estate, and by so doing did remember and did provide for the descendants of said Hattie S. Knox, deceased, and did leave to said

grandchild all of an undivided one-fifth share of said estate; and that it was his intention that said grandchild, as a representative of her deceased mother, should share in said estate to the full extent that her mother would share therein if she had been surviving, and that said grandchild should take all of said mother's share, and that it was not the intention of said decedent to give said Iness Knox (now Gribble) an undivided one-fifth share and for each of the defendants to receive in addition thereto a one-twelfth share in said real property * * ."

For a third further and separate reply, plaintiffs averred that the scrivener who prepared the will for said decedent was directed by decedent to mention the defendants Roscoe R. Knox and Thomas J. Knox, "and to leave said children nothing whatsoever, but that said scrivener * * neglected to add said provision to said will."

For a fourth further and separate reply, plaintiffs alleged, in part:

"That during the lifetime of Hattie S. Knox, the mother of the defendants, the decedent for a long number of years advanced unto her food, clothing, money, help and assistance, and by and through said aid assisted and advanced enough thereof to furnish and permit the said Hattie S. Knox and her husband to procure their homestead and to accumulate the property owned at the death of the said Hattie S. Knox in the approximate amount of $30,000."

The defendants demurred to the further and separate replies of plaintiffs, which demurrer was overruled.

Testimony was offered by the plaintiffs at the trial, tending to support their averments. Evidence was offered by the defendants relating to the matter of advancements. At the conclusion of the trial the court found that James W. Roots died on March 21,

1919, and that his heirs at law were the persons hereinbefore mentioned; that he had made a last will and testament in which he failed to make any provision for Roscoe R. Knox and Thomas J. Knox, his grandchildren and the defendants in this suit, and failed to make any mention of them, or either of them, in his will; that by reason of the omission of the names of the defendants, and each of them, from decedent's last will and testament, the instrument was void as to the two defendants, and that they, and each of them, as heirs of the decedent, were entitled to such proportion of the estate as would have been theirs if James W. Roots had died intestate.

Based upon its findings of fact and conclusions of law, the court decreed:

"That the defendants, Roscoe R. Knox and Thomas J. Knox, are each the owner of an undivided one-twelfth interest in and to the real estate of which James W. Roots died seized or possessed on the 21st day of March, A. D. 1919,"

subject to the rights of Eliza A. Roots, widow of James W. Roots, costs of administration and debts of deceased.

From this decree, plaintiffs appeal and assert error of the court in overruling plaintiffs' demurrer to the further and separate answer of the defendant; relating to the court's findings of fact, conclusions of law and decree; further, in its construction of the will involved in this suit; likewise, in refusing to find and decree that in the lifetime of Hattie S. Knox, deceased, the decedent Roots had advanced unto her enough to give the defendants a portion equal to that of Iness Knox Gribble, their sister.

AFFIRMED.    REHEARING DENIED.

For appellants there was a brief and oral argument by *Mr. Henry S. Westbrook.*

For respondents there was a brief and oral argument by *Mr. B. F. Mulkey.*

BROWN, J.—This case involves the meaning of the following section of our Code:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard such child or children, or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part." Sec. 10101, Or. L.

In our territorial days we adopted the above provision from Missouri: *Gerrish* v. *Gerrish,* 8 Or. 351 (34 Am. Rep. 585); Washington copied it from Oregon: *Hill* v. *Hill,* 7 Wash. 409 (35 Pac. 360).

1. Under the provisions of the foregoing section, James W. Roots died intestate, in so far as his two grandsons hereinbefore named are concerned, unless he provided for or named them in his will. It appears from the will that he did not provide for Roscoe R. Knox and Thomas J. Knox, or either of them, nor did he name either in that instrument. It follows from the foregoing provision of our Code, if it means what it says, that as to these two grandchildren James W. Roots must be deemed to have died intestate. The language of the statute is clear, definite

and imperative.   To the writer it seems too plain to require construction.   The question presented by this appeal has been before this court a number of times, and the decisions are in harmony:  See *Gerrish* v. *Gerrish,* 8 Or. 351 (34 Am. Rep. 585); *Northrop* v. *Marquam,* 16 Or. 173 (18 Pac. 449); *Worley* v. *Taylor,* 21 Or. 589 (28 Pac. 903, 28 Am. St. Rep. 771); *Neal* v. *Davis,* 53 Or. 423 (99 Pac. 69, 101 Pac. 212). The following authorities are in accord with this court: *Bradley* v. *Bradley,* 24 Mo. 311; *Pounds* v. *Dale,* 48 Mo. 270; *Chace* v. *Chace,* 6 R. I. 407 (78 Am. Dec. 446); *Garraud's Estate,* 35 Cal. 336; *Estate of Stevens,* 83 Cal. 322 (23 Pac. 379, 17 Am. St. Rep. 252); *Gage* v. *Gage,* 29 N. H. 533; *Graham* v. *Graham,* 23 W. Va. 36 (48 Am. Rep. 364); *Kean's Lessee* v. *Hoffecker,* 2 Harr. (Del.) 103 (29 Am. Dec. 336); *Hockensmith* v. *Slusher,* 26 Mo. 237; 2 Woerner, Am. Law of Administration, pp. 870, 871; 1 Redfield on Wills, 539, 540; *Boman* v. *Boman,* 49 Fed. 329 (1 C. C. A. 274); *Hill* v. *Hill,* 7 Wash. 409 (35 Pac. 360); *Magee* v. *McNiel,* 41 Miss. 17 (90 Am. Dec. 354); *Gay* v. *Gay,* 84 Ala. 47 (4 South. 45); *Thomas* v. *Black,* 113 Mo. 66 (20 S. W. 657); *Morrison* v. *Morrison,* 25 Wash. 466 (65 Pac. 779).

2.  The plaintiffs contend that the defendants were intentionally omitted from the will, and offer parol evidence in support thereof.   Under a statute such as ours, such evidence was wholly incompetent and should have been rejected.   The authorities that we have cited above support the doctrine that the intention of the testator to omit to provide for or name an heir in his will must be determined from the language used in that document.   There is another line of decisions, based, however, upon different statutes.

In 2 Alexander's Commentaries on Wills, Section 639, it is said:

"The jurisdictions permitting evidence *dehors* the will found their decisions on statutes which declare that when any testator omits to provide in his will for any of his children, 'unless it appears that such omission was intentional' they must have the same share in the estate as if he had died intestate. The *opposite* rule is adopted in those states which make it mandatory for the child to take as though the testator had died intestate, the only question being whether or not the child is provided for in the will, not as to whether he was omitted intentionally or unintentionally. This explains the seeming contrariety of holdings of the different courts * * ."

In the case of *Bower* v. *Bower,* 5 Wash. 225 (31 Pac. 598), the Supreme Court of that state said:

"In the case at bar, then, the children are neither named nor provided for in the will, and under the express terms of our statute we think it must be held ineffectual as to them. This seems so clear from the terms of the statute that to hold otherwise would be to legislate judicially. There seems to us very little occasion for the investigation of authorities to determine the construction of a statute which is so clear as to construe itself. If, however, we investigate the question in the light of authorities, we shall come to the same conclusion as to the construction of a statute worded like ours; for while it is true, as we have hereinbefore seen, that many statutes having a similar object have been so construed as to authorize extrinsic proof in aid of wills made thereunder, yet none of the statutes thus construed were like ours. In all of them there was some clause qualifying the absolute language contained in our statute which, in some measure, authorized judicial discretion in the construction thereof. Where the statutes have been left by the legislature without such qualifying clauses, the same as ours has been, the holding of the courts has been absolutely uniform that extrinsic proof could not be introduced in aid of a will made thereunder (citations)."

In *Re Estate of Peterson,* 49 Mont. 96 (140 Pac. 237, Ann. Cas. 1916A, 716), the Supreme Court of that state said:

"Many of the states have statutory provisions similar to our Section 4755 above. Washington, Oregon, Missouri, New Hampshire, Rhode Island, and Tennessee each has a statutory provision on the same subject, but in each instance it is mandatory in form that, if the child is omitted from the will, it takes as though the testator died intestate. Under such a statute the will alone can be consulted, and the reason for the rule is manifest (citing authorities). Prior to 1836 the Massachusetts statute was also in terms mandatory, but after the enactment of that year the statute contained this clause: 'unless it shall appear that such omission was intentional and not occasioned by any mistake or accident.' Under the amended statute it has been held uniformly since *Wilson* v. *Fosket,* 6 Met. (Mass.) 400 (39 Am. Dec. 736), that evidence *dehors* the will may be received to ascertain whether the omission was intentional. The clause found in the statutes of Nebraska, Maine, Iowa, Michigan and Wisconsin is substantially the same as that quoted from Massachusetts, and the same rule prevails in those states (citations)."

*Re Motz,* 125 Minn. 40 (145 N. W. 623, 51 L. R. A. (N. S.) 645), was a case involving the admissibility of parol evidence to prove the intention of the testator to omit to provide for a child in his will. The court held such testimony to be admissible, upon the ground that the statute of the state of Minnesota was a substantial copy of that of Massachusetts. Among other things, the court said:

"As authority for the proposition that parol evidence is not admissible, appellant also cites decisions of the courts of Missouri, New Hampshire, Oregon, Rhode Island, Tennessee and Washington. These courts hold that parol evidence is not admissible under the statutes of those states. But those stat-

utes do not contain the provision here in question, and are so materially different from our own statute that decisions construing them are not in point.''

1 Underhill on the Law of Wills, pages 334, 335, says:

''The testator's right to omit his children from his will is not curtailed, but those who benefit by the omission are required to show that it was not the result of a mistake, accident or inadvertence. So, under the general principle which permits a mistake in a writing to be corrected by parol, some courts have held that parol evidence, including declarations, is admissible to show that the omission of the child was, or was not, intentional. Elsewhere it is held, under statutes differently worded, that the intention to omit the child must appear on the face of the will, and that extrinsic evidence is not admissible, either to prove or disprove such intention.'' .

The case of *Boman* v. *Boman*, 49 Fed. 329 (1 C. C. A. 274), was an action instituted to compel the defendant, as executrix, to pay plaintiffs an amount which they claimed, as children of the deceased. It was asserted that neither of the plaintiffs, nor their descendants, had had any proportion of decedent's estate bestowed upon them by way of advancement or otherwise, and that the deceased had not named the plaintiffs, nor either of them, in his will, nor had he made any provision for them. A demurrer was interposed to the complaint, which was sustained. Plaintiffs declined to amend their bill, judgment was rendered against them, from which they appealed. The appeal called for an interpretation of the statute of the State of Washington, which the court, in its opinion, designated as an exact copy of that of Missouri and of Oregon. Among other provisions of the will are the following:

"Item First: I give, bequeath and devise to each of my heirs at law the sum of $1.

"Item Second: I give, bequeath and devise all the rest, residue and remainder of my estate, and property of every kind, real, personal and mixed, and choses in action, to my beloved wife, Mary E. Boman."

Item Three relates to the appointment of the executrix and the payment of debts, etc.

It was decided that it did not appear from the will that the plaintiffs were either provided for or remembered by that instrument. The court said:

"The fact that the children are not named or alluded to in such a manner as to affirmatively show that they were in the testator's mind will furnish conclusive evidence that they were forgotten, and that the testator unintentionally left them unprovided for: *Wetherall* v. *Harris*, 51 Mo. 68; *Gerrish* v. *Gerrish*, 8 Or. 351 (34 Am. Rep. 585).

"The statute creates a presumption that the children were forgotten unless they are named or provided for in the will: *Pound* v. *Dale*, 48 Mo. 273. * * The terms of the will, in order to show the intent of a testator to remember his children, or to make provision for them, should, under the statute, be clear, specific, definite and certain. The presumptions of the law are all in favor of the children. These presumptions, in order to disinherit them, or to cut them off with a shilling or other nominal sum, can only be overcome by the use of words plainly indicating that the testator had his children in his mind at the time he made his will. This must appear, either by express mention, or by necessary implication from the face of the will itself. It has been held in states having a different statute from the one under consideration, that parol evidence is admissible to show that the children were intentionally omitted from the will (citations). But in states having the same, or similar statutes to that under consideration, it has been uniformly held that such evidence is inadmissible (citations). It was the design of the statute,

as was said by Bell, J., in *Gage* v. *Gage,* 29 N. H.
533: 'That no testator should be understood to in-
tend to disinherit one of his children or grandchil-
dren, who are by nature the first object of his bounty,
upon any inference, or upon any less clear evidence
than his actually naming or distinctly referring to
them personally, so as to show that he had them in
his mind; it being reasonable to suppose that those
about the sick and aged would not be anxious to
remind them of the absent unnecessarily. This is a
simple and plain rule, easily understood and remem-
bered by everybody, and is in accordance with the
general impression doubtless derived from the lan-
guage of the statute.' "

This case was affirmed on appeal: See 49 Fed.
329, 1 C. C. A., p. 274.

The following cases illustrate the doctrine when
the will is deemed to furnish sufficient evidence of
intentional omission: *Clarkson* v. *Clarkson,* 8 Bush
(Ky.), 655; *Church* v. *Crocker,* 3 Mass. 17; *Case* v.
*Young,* 3 Minn. 209; *Loring* v. *Marsh,* 2 Cliff. 469,
Fed. Cas. No. 8515; *Beck* v. *Metz,* 25 Mo. 70; *Ban-
croft* v. *Ives,* 3 Gray (Mass.), 367.

There are some cases that hold that when the tes-
tator names some person intimately connected with
the unnamed heir, it may evidence that such heir
was not forgotten or accidentally omitted: See *Wilder*
v. *Goss,* 14 Mass. 357; *Merrill* v. *Sanborn,* 2 N. H.
499; *Hockensmith* v. *Slusher,* 26 Mo. 237; *Guitar* v.
*Gordon,* 17 Mo. 408. But see the forceful opinion
in *Gage* v. *Gage,* 29 N. H. 533, where the decisions in
the cases of *Merrill* v. *Sanborn, supra,* and *Wilder*
v. *Goss, supra,* are criticised.

3. This court cannot say that the express mention
of the sister, without any allusion to her brothers,
overcomes the presumption that the omission of the
names of the boys was unintentional.

4. The statute of this state requires the court to obey the directions of the will and to carry out the true intent and meaning of the testator as therein expressed. The testator was of competent age and of sound mind and had power to dispose of his property.

5. No court can make a will by construction or interpretation. It is a commonplace rule that courts will consider the position and surrounding circumstances of the testator; that they will take the will by its four corners and ascertain therefrom, and not from some other source, the testator's meaning; and, that meaning having been ascertained, that they will execute his intention, irrespective of their notions of a proper disposition of his property. We cannot resort to conjecture, nor can we base our opinion upon incompetent evidence received into the record over valid objections.

This case must be affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and McCOURT, JJ., concur.

---

Objections to cost bill sustained April 10, 1923.

ON OBJECTIONS TO COST BILL.

(213 Pac. 1013.)

*Mr. Henry S. Westbrook,* for the objections.

*Mr. B. F. Mulkey, contra.*

This cost bill arises as the result of a suit in equity instituted by plaintiffs to quiet title to real property situate in Clackamas County, Oregon (opinion filed February 6, 1923).

PER CURIAM.—James W. Roots made his last will and testament on February 22, 1919. At that time his heirs at law were his wife, Eliza A. Roots, a son, Thomas A. Roots, daughters, Myrtle I. Telford and Amy I. Morand, grandchildren, Iness L. Knox-Gribble, Roscoe R. Knox and Thomas J. Knox, surviving children of Hattie S. Knox, deceased, who, prior to her marriage with Horace Knox, the father of the three grandchildren named, was Hattie S. Roots.

James W. Roots died. The above-named heirs at law survived him. In his last will and testament, the defendants, Roscoe R. Knox and Thomas J. Knox, grandchildren of decedent, and children of the deceased daughter of the testator, were not named or provided for.

6. This suit involved the construction of that will and an exposition of Section 10101, Or. L. The suit was of mutual interest to all the parties herein. Under the circumstances, we hold that neither party shall recover costs and disbursements in this court.

OBJECTIONS TO COST BILL SUSTAINED.