Guitar et al. *v.* Gordon et al.

---

GUITAR, *et al.*, Appellants, *vs.* GORDON, *et al.*, Respondents.

1. The eleventh section of the act concerning "wills" (R. C. 1845,) was only intended to make provision for children *unintentionally* omitted by the testator. Where a will named the deceased daughter of the testator, but made no mention of her children, this raises the presumption that the children were in the mind of the testator and intentionally omitted.

2. A testator recited in his will, as follows : " I have heretofore given to my daughter, E. G., in property, the sum of $907." This was the only mention of the daughter, and no mention was made of her children. She was dead when the will was made, but no mention was made of her death. The residuary clause of the will was as follows : " After the specific devises, there will remain a large amount undisposed of, which I direct shall be distributed among all my children, share and share alike, except my son, J. M. G." *Held*, that under the act concerning wills, the children of E. G. are entitled to the share of the residue she would have taken, had she been living.

### *Appeal from Boone Circuit Court.*

This was a proceeding by petition, founded on the eleventh section of the act concerning wills. The plaintiffs were the children of Emily Guitar, who was a daughter of David Gordon, the testator, who made his will in April, 1848, and died in the month of January, 1849. Emily Guitar, the mother of the plaintiffs, died during the year 1847, prior to the making

of the will. The object of the proceeding was to have an intestacy declared on the part of David Gordon, as to the plaintiffs, upon the ground, that they were not provided for, or named in their grandfather's will, and to obtain contribution from the legatees to make up their share of the estate.

David Gordon, the testator, had a large family of sons and daughters, all of whom survived him, except his daughter, Emily Guitar. He died possessed of a large estate, real and personal, worth about $30,000.

The testator named all his children in his will and gave legacies to some of them, and recited the sums .he had given to the others by way of advancement. Emily Guitar was mentioned in the will, as the other children, and though dead at the time, no mention was made of her death ; nor were her children named or provided for. The testator recited in his will that "I have heretofore given to my daughter, Emily Guitar, in property, the sum of nine hundred and seven dollars, by way of advancement." "After the specific devises," the testator declared, " there will then remain a large amount undisposed of, which I direct shall be distributed among all my children, share and share alike, except my son, James M. Gordon," who had already been provided for. Some of the testator's grandchildren, whose parents are living, are mentioned in the will, and a provision was made for them ; no mention was made of the plaintiffs, nor was any provision made for them, otherwise than as above stated. The advancement made to Mrs. Guitar was not an equal proportion of his estate ; much larger advancements had been made to ,some of the children.

The court, under the facts, declared that the plaintiffs were not entitled to the relief they sought, and condemned them to the payment of costs. From this judgment an appeal was taken.

*Leonard* and *Gordon,* for appellants. 1. The word " children," in the residuary clause of the will, must be taken in its ordinary sense, and so be confined to immediate descendants. 7 Paige's Ch. Rep. 328. *Orford* v. *Churchill,* 3 Ves. & Bea.

68. *Reeves* v. *Brymer*, 4 Vesey, jr., 692. *Radcliffe* v. *Buckley*, 10 Vesey, jr., 195. 2. The plaintiffs are not named in the will, within the meaning of the statute, so as to exclude them from a share in the inheritance. The words of the statute are explicit, and if taken in their ordinary acceptation, this position is clear beyond cavil. It is insisted, however, that the object of the legislature was, to produce an intestacy only when the child was unknown or forgotten, and so unintentionally omitted; and that, while the presumption is, that the omission was unintentional, yet this presumption is repelled in every case, where it appears from the whole will that the child was in the mind of the testator and intentionally disinherited. This is the Massachusetts construction of an act somewhat similar, but a construction that grew out of the preamble of their act, and the propriety of which has recently been questioned in their own courts; (*Tucker* v. *Boston*, 18 Pick. Rep. 167. *Perry* v. *Foster*, 1 Mass. Rep. 166;) and it is respectfully insisted that it is an interpretation contrary to the established rules for the construction of statutes, not called for by any views of a wise public policy, and one that should not be adopted by our courts. While the law allows parents to forget the duty they owe their children, by casting them upon the world for a support and education, it presumes that such is not the parent's intention, in every case where that intention is not manifested in the mode prescribed by the act. Act of 1807, 1 Edwards' Dig. p. 132, sec. 22; p. 405, sec. 28. Rev. Codes of 1825, 1835 and 1845. *Block* v. *Block*, 3 Mo. Rep. 595. Even under the Massachusetts construction, there is nothing in the present will to repel the presumption the law raises. *Tucker* v. *Boston*, 18 Pick. 167.

*Adams* and *Hayden*, for respondents. The will shows that the petitioners were present to the mind of the testator, and therefore, he did not die intestate as to them. They are not mentioned by *name*, but they are evidently represented in the name and person of their deceased mother, Emily Guitar. The legislature never intended to abridge the right of persons

to dispose of their property as they please; on the contrary, its object was to carry out the intention of testators, and to enable courts to look beyond the face of the will to ascertain this intention. By the law, as it stood, courts could not go beyond the will, and assume that the testator would have made a different disposition if a certain state of facts had been present to his mind; and that he *unintentionally*, from pain or other cause, omitted to provide for some of his children. This statute was passed to remedy this evil; not to defeat the intention of the testator when clearly ascertained from the face of the will. This is the Massachusetts construction of a similar statute, though its language is stronger for the petitioners than our's. *Perry* v. *Foster*, 1 Mass. Rep. 146. *Church* v. *Croaker*, 3 Mass. 19. *Wilder* v. *Brewer*, 2 Mass. 570. *Wilder* v. *Goss*, 14 Mass. 357. See also, 2 N. H. 499. *Block* v. *Block*, 3 Mo. Rep. 594. 3 Porter, 452.

Scott, Judge, delivered the opinion of the court.

1. Our laws permit every person of sound mind and of competent age, to dispose of all his estate, real and personal, saving to the widow her right of dower. He may disinherit his children and bequeath his property to whom he sees fit. The eleventh section of the act concerning wills provides, that if any person make his last will, and die, leaving a child or children, or descendants of such child or children, (in case of their death,) not named or provided for in such will, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate. This section has been held only to make provision for children or their descendants, unintentionally omitted by their parent from forgetfulness or any other cause. If a child is expressly excluded from any portion of the estate by the will, he is provided for in the meaning of the act. In such case, it plainly appears that the child was not forgotten. *Block* v. *Block*, 3 Mo. Rep. 408. A law in Massachusetts

directs that, in case a child or children, or their legal representatives, in the event of their death, shall not have a legacy given him, her or them, by the will of their father or mother, he, she or they shall have a proportion of the estate of their parents assigned unto him, her or them, as though such parent had died intestate. Under this statute, it was held that, if the testator, in his will, mentions a son-in-law and one of his children, it thereby sufficiently appears, that the other grand children by that son-in-law were in the mind of the testator, and therefore not entitled to come in, as if unintentionally omitted. *Wilder* v. *Goss*, 14 Mass. Rep. 357. If a child is named in a will and it is known that such child has descendants, it is impossible to say they were not in the mind of the testator. The object of the section must be borne in mind. It is not to prevent parents from disinheriting their children, but merely to make provision for those who may· have been unintentionally omitted. Under a statute in New Hampshire, similar in its language to that above cited from the code of Massachusetts, it was held, that a testator, leaving seven grand children, children of a deceased son, if in his will he mentions two of these grand children, and also their father, the presumption of law was, that the other five grand children were not omitted through forgetfulness. *Merrill & wife* v. *Sanbourn*, 2 N. H. 499.

· 2. Although by naming the mother in the will, the presumption may be raised that her descendants were in the mind of the testator, if he knew of their existence, yet we are of opinion, that the will now under consideration, by a just construction of the statute concerning wills, entitles Mrs. Guitar's children to the portion she would have received, had she survived her father, the testator. The thirteenth section of the act concerning wills provides that, if an estate shall be devised to a child, and the devisee shall die before the testator, leaving children, such children shall take the estate devised, as the devisee would have done had he survived the testator. This section, taken in connection with the eleventh section above

cited, and that which directs that all courts concerned in the execution of wills, shall have due regard to the true intent and meaning of the testator, furnishes a principle by which this controversy may be determined. This principle would give to the children of Mrs. Guitar the estate that was seemingly devised to her. The justice of the rule, when applied to a case in which the testator was ignorant of the death of his child, would be obvious. In such an event, would her children be deemed to be named, and therefore disinherited? Would there be an intestacy as to them, or would they take the portion designed for their mother by the will? The mother being dead, no doubt the bequest to her was void. If the will is construed in reference to the provisions of the statute which have been cited, would not every one say that, in such case, it was the intention of the testator that the children should take their mother's share? If the provision made for the daughter should be less than an equal part of the estate, to declare an intestacy as to her children, would be doing violence to the principle that recognizes the right of a testator to disinherit his children and to dispose of his property as he. pleases. It is a rule that, in order to form a right judgment whether a case is within the equity of a statute, ·you should suppose the law maker present and propound to him this question: Did you intend to comprehend this case? Then you must give yourself such answer as you may imagine he, being an upright and reasonable man, would have given. If it be that he did mean to comprehend it, you may safely hold the case to be within the equity of the statute; for while you do no more than he would have done, you do not act contrary to the statute, but in conformity thereto. 6 Bacon, 386. We are not making a will for the testator, but construing a statute. The peculiar circumstances of this case liken it to the case of a bequest to a dead child, of whose decease the testator was ignorant. Here the testator regards one who is known to be dead as though she was alive. Bearing in mind the principle which pervades our law of descents, that among children, if

27—VOL. XVII.

part of them be dead and a part living, the children of those dead shall take the place of the deceased parent, the testator treated his daughter, who had departed this life, as though she had been alive. The death of Mrs. Guitar is not alluded to; she is mentioned as though she was alive. What advancement he had made to her is stated, as well as that to the rest of his children. After speaking of her precisely as he does of those who are alive, he directs that the residuum of his estate should be divided among his children, expressly excluding one who had already been sufficiently provided for. His object in all this must have been, that her children should enjoy the provision made for her. The mother, though dead, was, in his mind, the representative of her children. Where a testator directed by his will that his estate should be equally divided among his *children*, and stated that certain amounts received by them should be rendered by each to the estate before being entitled to a distribution, and among those who had obtained advancement, named his son as having, in his life time, received a specific amount, it was held, that a grandson, descendant of the son, was entitled to a distributive share under the will. 3 Por. Ala. 452.

Judge Ryland concurring, the judgment will be reversed and the cause remanded.