ROSA N. GERRISH et al., Respondents, v. JOHN J. GERRISH et al., Appellants.

Construction—Will—Adoption of Provisions by Reference to Another Will.—Where the will of a testatrix otherwise properly executed refers to the will of her late husband, and so describes it as to leave no doubts of its identity, and adopts the provisions therein contained; *Held*, that it becomes a part of such will, and should be considered in construing its provisions.

Idem.—It appears that the provisions of the will 'of G. are referred to, adopted, and made a part of the will of the testatrix. *Held*, that the children and grandchildren of the testatrix having been named in the will of G., are "named and provided for" in the will of the testatrix within the meaning of the statute.

Idem—Authority for Interpreting—Statutes of other States.—When the statute of another state is adopted in this state, we must look principally to the decisions of that state to ascertain its proper judicial construction.

Wills—Naming Children in—Object of Statute.—The object of the statute is not to compel parents to make actual beneficial provisions for their children and their descendants, but to prevent the consequences of forgetfulness or oversight, and to produce an intestacy only when the child, or the descendant of such child, is unknown or forgotten, and thus unintentionally omitted.

Appeal from Yamhill County.

This suit is a suit to quiet title. The respondents claim as devisees of Mary Ann Gerrish, and the appellants claim as her heirs at law. The appellants claim, that as to them the will of Mary Ann is void, because they, being the children and grandchildren, representing deceased children, are neither named nor provided for in the will of Mary Ann. Mary Ann made no mention of or provision for the appellants, except that her will contained the following provision: "I direct that whatever may remain at my death of the personal property bequeathed to me by my late husband, James Gerrish, for my life, shall at my death be distributed in accordance with the provisions made in the last will of my said husband concerning the same." The will of James Gerrish, referred to, provided as follows: "I give and bequeath to my beloved wife Mary Ann all the rest and residue of my personal property for her life-time; at

her decease I do devise and bequeath all that may remain of my real and personal property to each of my living children and the children of my deceased daughters alike, to be divided as a majority of them shall say, by sale or otherwise."

The controversy is concerning the construction of Mary Ann's will. If it be held that the heirs generally are named or provided for, then the appellants take nothing; otherwise, Mary Ann as to them died intestate and they have a valid and subsisting estate and interest in the lands in controversy.

*Shattuck & Killin, Thos. Tongue, R. Williams, and Fenton & McCain,* for appellants.

*Northup & Gilbert,* for respondents.

By the Court, PRIM, J.:

This is a suit in equity to quiet title to a certain parcel of land lately owned by Mary Ann Gerrish, deceased. The respondents claim as the devisees of said Mary Ann, and the appellants claim as her heirs at law. The appellants are the children and grandchildren of the deceased, and they claim that said will is void because they are neither named nor provided for therein; and that is the question to be decided on this appeal. The statute, page 788, section 10, provides that "if any person make his last will and die, leaving a child or children, in case of their death, not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, so far as shall regard such child or children, or their descendants, not named or provided for, shall be deemed to die intestate." *  *  *  *  It is admitted that the will itself makes no direct reference to the other children of the testatrix, but it is claimed that it refers to her husband's will, and adopts the provisions made in that for all of her children and descendants.

The clause in the will which refers to her husband's will is as follows: "I direct that whatever may remain at my death of the personal property bequeathed to me by my

late husband, James Gerrish, for my life, shall at my death be distributed in accordance with the provisions made in the last will of my said husband concerning the same." This is the only clause in the will which refers in any manner to the appellants. The portion of the husband's will, to which the above clause in the will of the testatrix refers, is as follows: "I give and bequeath to my beloved wife, Mary Ann, all the rest and residue of my real and personal property for her life-time; at her decease I do devise and bequeath all that may remain of my real and personal property to each of my living children and the children of my deceased daughter alike, to be divided as a majority of them shall say, by sale or otherwise." This portion of the will of James Gerrish is clearly referred to in the will of the testatrix, and the provisions thereof adopted as a portion of her will. In *Tounele* v. *Hall* (4 Com. 140), it was held that "where a will, otherwise properly executed, refers to another paper already written, and so describes it as to leave no doubt of its identity, such paper, it seems, makes part of the will, although the paper be not subscribed or even attached."

In this case there can be no question as to the identity of the instrument referred to. The husband of the testatrix had been dead and his will admitted to probate several years before her will was written. In fact, she was then enjoying under the provisions of his will a life estate in several farms and a large amount of personal property. Then, considering the language of the will of James Gerrish, thus adopted and made a part of the will of the testatrix, we think there was a sufficient naming of the appellants to bring the case within the provisions of the statute.

Our statute is an exact copy of the Missouri statute, and the courts of that state having been called upon frequently to construe it, we must look principally to the decisions of that state to ascertain its proper judicial construction. In that state it is held that the statute does not require that an actual provision shall be made for the children, nor that the children shall be designated by name; that its object is not to compel parents to make testamentary provision for chil-

dren, but to prevent the consequences of forgetfulness or
oversight. In *Hockersmith* v. *Slusher* (26 Mo. 237), Judge
Richardson says: "It may now be considered as settled
that the object of this provision is to produce an intestacy
only when the child or the decendants of such child is un-
known or forgotton, and thus unintentionally omitted, and
the presumption that the omission is unintentional, may be
rebutted when the tenor of the will, or any part of it, indi-
cates that the child or grandchild was not forgotten." In
that case a bequest had been made to a son-in-law, without
naming his relation, and on the application of the daughter
for a child's share, it was held that the bequest must have
been given to her husband because he was such, and the
daughter, though not named or provided for, could not have
been forgotton. In *Guitar* v. *Gordon* (17 Mo. 408), the tes-
tator named his daughter, who was then dead, but did not
name her children, and that was held a sufficient provision
for his grandchildren, as they were represented by their
mother, who was in his mind, though dead. To the same
effect is *Block et al.* v. *Block et al.*, 3 Ohio, 495; *Beck* v. *Metz*,
25 Mo. 70; *McCourtney et al.* v. *Mathes*, 47 Id. 533.

The decree of the court below is affirmed.