Argued October 31, affirmed December 11, 1963

## TOWNE ET AL v. COTTRELL ET AL
### 387 P. 2d 576

*John L. Flynn,* Ashland, argued the cause for appellants. With him on the briefs was Richard C. Cottle, Ashland.

*R. Gene Smith,* Grants Pass, argued the cause for respondents. With him on the brief was Gene L. Brown, Grants Pass.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

DENECKE, J.

This is a suit to quiet title involving the construction of the Oregon statute relating to pretermitted heirs. The plaintiffs claim as devisees under the will of Maude Towne. Two of the plaintiffs are children of the testatrix. The other plaintiffs are the grandson of the testatrix and his wife. The plaintiff grandson was the son of Thomas Towne, a predeceased child of the testatrix. The defendants are the other children of the decedent, Thomas Towne, and, therefore, likewise grandchildren of the testatrix. They claim an adverse interest in the properties under the provisions of ORS 114.250 on the ground that they are descendants of Maude Towne not named or provided for in her will.

The Oregon pretermission statute, ORS 114.250, provides:

> "If any person makes his will and dies, leaving a child or children, or, in case of their death, descendants of such child or children, not named or provided for in such will, although born after the making of such will or death of the testator, every such testator, so far as regards such child or children or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; * * *."

Defendants now claim such portion of the properties as each would be entitled to had Maude Towne died intestate.

The cause was tried to the court upon a stipulation of facts. The court below found that defendants had no interest in any of the properties and entered a decree for plaintiffs.

■ The single question here is whether mention of a deceased child in the will and provision for the son of such deceased child is sufficient to avoid the pretermission statute as to the three daughters of the deceased child who were neither named nor provided for in the will.

Maude Towne executed her will in June, 1958. The will appears to have been drafted by an attorney, but there is no direct evidence of this. In this will she stated:

> "I hereby declare that my only living children, whether natural or adopted, are the following: Norman B. Towne and Ira A. Towne. My son, Thomas A. Towne, has predeceased me."

By her will Maude Towne bequeathed and devised her entire estate to her two living sons, Norman and Ira, except for one parcel of real property which she devised to "my grandson and his wife, Thomas A. Towne and Hally D. Towne." Defendants alleged in their answer "that the said issue [defendants] of Thomas A. Towne, deceased, were then known to the decedent." "Then" referring to the time Maude Towne made her will.

■ The pretermission statute should be applied in light of its objectives. This court has recently restated the object of this statute in the following terms:

> "The object of the pretermission statute is to protect children from omission by oversight and not to require that an actual provision be made for them, nor that the children be designated by name."

*Barnstable v. U. S. Nat. Bank,* 232 Or 36, 39, 374 P2d 386 ·(1962) ; *Accord: Gerrish v. Gerrish,* 8 Or 351 (1880).

When we look to the reasons behind the statute, it appears probable in this case that the testatrix had neither forgotten nor unintentionally omitted her granddaughters. The fact that they were known to her is admitted by the defendants, although they now claim that their allegation of this fact in their answer does not mean that the grandchildren were in her mind at the time of making of the will. This contention strains the inferences to be drawn from such allegation.

The holding in *Roots v. Knox,* 107 Or 96, 212 P 469, 213 P 1013 (1923), seems to require an extremely literal translation of the statute. In that case the testator had provided for his three living children and his granddaughter, the daughter of the testator's deceased daughter, omitting any mention of the deceased daughter's two sons. The court held:

"* * * It follows from the foregoing provision of our Code, if it means what it says, that as to these two grandchildren James W. Roots must be deemed to have died intestate. The language of the statute is clear, definite and imperative. * * *" 107 Or at 101–102.

However, the *Roots* case does not seem to have followed the trend of the Oregon decisions stated in *Gerrish v. Gerrish,* supra (8 Or 351), and most recently expressed in *Barnstable v. U. S. Nat. Bank,* supra (232 Or 36). The interpretation and history of the Oregon statute as established in the *Gerrish* case is dispositive of the present case. In *Gerrish* this court stated:

"Our statute is an exact copy of the Missouri statute, and the courts of that State having been called upon frequently to construe it, we must look

principally to the decisions of that State to ascertain its proper judicial construction. In that State it is held that the statute does not require that an actual provision shall be made for the children, nor that the children shall be designated by name; that its object is not to compel parents to make testamentary provision for children, but to prevent the consequences of forgetfulness or oversight. * * * In *Guitar v. Gordon,* 17 Mo. 408, the testator named his daughter, who was then dead, but did not name her children, and that was held a sufficient provision for his grandchildren, as they were represented by their mother, who was in his mind, though dead. * * *" 8 Or at 354.

In *Fugate v. Allen,* 119 Mo App 183, 95 SW 980 (1906), the court stated that, under the interpretation formulated in *Guitar v. Gordon,* 17 Mo 408 (1853), the mention in a will of a deceased child is sufficient to show that the testator has not forgotten the children of the deceased child. The *Guitar* case thus stands for the proposition that mention of a deceased child is sufficient "naming or providing" as required by the pretermission statute. In this case we have two additional facts, not present in *Guitar,* even more adverse to pretermission. The grandchildren were known to the testatrix when she executed her will and she made a devise to one.

The decree of the lower court is affirmed.