Argued October 7, affirmed November 20, petition for
rehearing denied December 17, 1968

In the Matter of the Estate of Jane E. Robinson,
Deceased.

VODEN et al, *Appellants, v.* YATES et al,
*Respondents.*

447 P. 2d 94

*Peter A. Schwabe, Sr.*, Portland, argued the cause and filed the briefs for appellants.

*Carl M. Brophy*, Medford, argued the cause for respondents. On the brief were Brophy, Wilson & Duhaime, Medford.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

This is an appeal from a decree holding that the plaintiffs were not pretermitted grandchildren of testatrix, Jane E. Robinson. The plaintiffs' contention is: (1) that the will mentions four grandchildren of Stewart Voden, deceased, son of testatrix, but does not mention the plaintiffs who are his four children, and (2) that the will did not operate to name or provide for them and they are therefore entitled to distribution as pretermitted heirs.

Paragraph V of the will provides as follows:

"I hereby declare that *my only heirs-at-law at this time are my husband, ISAAC T. ROBINSON, my daughter, GERALDINE YATES, and the four grandchildren* of my deceased son, Stewart Voden, and I make no bequests to them except as herein mentioned." (Emphasis supplied).

ORS 114.250 provides as follows:

"If any person makes his will and dies, leaving a child or children, or, in case of their death, descendants of such child or children, not named or

provided for in such will, although born after the making of such will or the death of the testator, every such testator, so far as regards such child or children or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part."

Upon trial it was established that Stewart Voden had 12 grandchildren, and that at the time of the execution of the will the heirs-at-law of Jane E. Robinson were, as paragraph V recites, her husband, Isaac T. Robinson, her daughter, Geraldine Yates, and the four grandchildren, who are the children of Stewart Voden, a deceased son.

■ We first read the will, which was drafted with the aid of counsel, to ascertain whether the intention of the testatrix can be determined. This intention is required to be ascertained from the language of the will. ORS 114.210. The law presumes that the words of the will were used in their primary sense with their generally accepted meaning. ORS 42.250. The words are to be construed according to their natural meaning unless the same is prohibited by some positive rule of law. *In re Shepherd's Estate*, 152 Or 15, 41 P2d 444, 49 P2d 448 (1935).

Accordingly, we proceed to examine the language of paragraph V of the will. The phrase "heirs-at-law" in its technical meaning designates persons who would take by intestate succession. We read the plain meaning of paragraph V to be that the testatrix is saying that her only heirs-at-law at the time of the execution of the will were: (1) her husband, Isaac T. Robinson;

(2) Geraldine Yates; and (3) the four grandchildren. The noun "grandchildren" is followed by the prepositional phrase "of my deceased son, Stewart Voden," which phrase was used as an adjective to modify "grandchildren." One of the principal meanings of the preposition "of" is: from, or specifically, derived or coming from. One of its other meanings is an indication of the possessive. Webster's New Twentieth Century Dictionary Unabridged (2nd ed 1964).

■ On the date of the execution of the will, none of the 12 grandchildren of Stewart Voden were heirs-at-law of Jane Robinson. The four grandchildren of Jane Robinson were heirs-at-law. We read the phrase "of my deceased son, Stewart Voden" to be descriptive of from whom the grandchildren came or were derived, and that the words "of my deceased son, Stewart Voden" are words of identification rather than words of possession. We do not read the phrase to have a possessive meaning as if it read, "and my deceased son, Stewart Voden's four grandchildren."

Other courts following the rule of statutory construction that the language of an act must be construed to effect its evident object and purpose have held that "of" is not limited in its meaning to the possessive.

In *Peay v. Fred Kulow & Co.*, 226 Mich 512, 514, 197 NW 1020 (1924), the court determined the meaning of the statutory phrase, "of the family." The question arose out of a workmen's compensation statute which required a dependent of a deceased worker to be a "member of the family." The court, for the purpose which is pertinent here, said:

> "* * * It is not one of those cases where the word 'of' is used as a sign of possession, but it is used rather to indicate his relation to the family * * *."

In *Harland v. Industrial Acc. Com.*, 194 Cal 352, 228 P 654 (1924), a somewhat similar case, the court said:

"* * * It is not to be doubted that the words 'of such employee' are words of identification and relation rather than words of proprietorship or possession within the contemplation of the act. In this connection the preposition 'of' is very commonly used and has a meaning well understood * * *." 194 Cal at 361.

We next consider whether the language of paragraph V of the will precludes the operation of the pretermission statute, ORS 114.250. The question is whether the language of paragraph V is a sufficient naming of the plaintiffs to avoid pretermission. The objective of ORS 114.250 has been stated by this court to be as follows:

"The object of the pretermission statute is to protect children from omission by oversight and not to require that an actual provision be made for them, nor that the children be designated by name * * *." *Barnstable v. U. S. Nat. Bank et al*, 232 Or 36, 39, 374 P2d 386 (1962).

This court has held that our pretermission statute does not require that the children shall be designated by name, but that they are presumed to be unintentionally omitted unless the tenor of the will, or any part of it, indicates they were not forgotten. *Gerrish v. Gerrish*, 8 Or 351, 34 AR 585 (1880).

■ Children are not pretermitted if provided for as a class. *Neal v. Davis*, 53 Or 423, 99 P 69, 101 P 212 (1909); *Gehlen v. Gehlen*, 77 Wash 17, 137 P 312 (1913).

■ The question here is, does the language of paragraph V name Stewart Voden's children sufficiently as

a class so as to take them out of the pretermission statute. We hold that it does, and that the presumption of unintentional omission has been rebutted by the language of the will.

Affirmed.