Argued July 23, affirmed September 21, 1971

IN THE MATTER OF THE ESTATE OF ROSINA BRONSON,
DECEASED.

PHILPOTT ET AL, *Appellants, v.* YEOMAN ET AL,
*Respondents.*

488 P2d 811

*Eric B. Lindauer,* Salem, argued the cause for appellants. With him on the brief were Swan, Butler & Looney and H. Clifford Looney, Vale, and Clark & Marsh, Salem.

*E. L. Crawford,* Salem, argued the cause for respondents Ila Yeoman, Vera Hammack, Arthur Bronson, Ruby Perry and Ila Yeoman, Executrix. With him on the brief were Crawford, Garrett, Webb & Seideman, Salem.

*J. Ray Rhoten,* Salem, argued the cause for respondent Eugene Bronson. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

This is an appeal from a decree entered in a declaratory judgment proceeding brought by two grandchildren of Rosina Bronson, deceased. They are the children of Otto Bronson. Plaintiffs contend that they are pretermitted heirs under the decedent's will. The trial court concluded otherwise and they appeal.

The will of Rosina Bronson was duly admitted to probate in Oregon. No appeal was taken from that order. In so far as relevant to this proceeding, that will provides:

"FIRST: I declare that I am a widow and that I have five (5) children living at the date of execution hereof, whose names are ILA YEOMAN, presently residing at Crescent City, California, VERA HAMMACK, presently residing at Salem, Oregon, ARTHUR BRONSON presently residing at Union, Oregon, RUBY PERRY, presently residing at Vale, Oregon, and EUGENE BRONSON, presently residing at Crescent City, California; and that all of my children are of the age of majority. My son, OTTO BRONSON, has predeceased me. I also have several grandchildren.

"* * * * *

"THIRD: I give, devise and bequeath all of my property, real and personal, wheresoever situated and whether acquired before or after the execution of this Will to my children, ILA YEOMAN, VERA HAMMACK, ARTHUR BRONSON, RUBY PERRY, and EUGENE BRONSON, in equal shares, share and share alike, if living, but if any of them shall fail to survive me that deceased child's share in my estate, whatever it might be is to go to the survivor or survivors of my five aforenamed children, and not to that deceased child's heirs or devisees.

"* * * * *

"FOURTH: I have purposely made no provision for any other person whether claiming to be an heir of mine or not. I have, except as otherwise provided in this Will, intentionally and with full knowledge, declined to provide for any heirs of mine who may be living at my death, and I direct that such persons, if any shall take no part of my estate.

"* * * * *"

The appellants also contend that Mrs. Bronson

was a California domiciliary at the time of her death. Thus they assert whether or not they are pretermitted heirs must be determined under California law. The trial court found that Mrs. Bronson was "a resident and inhabitant" of Oregon at the time of her death. Appellants also challenge that finding.

■ Appellants also point out that the complaint alleges:

> "That Plaintiffs were not named or provided for in said Will but were forgotten and are pretermitted heirs of the said decedent * * *.",

and that the answer filed by all but one of the defendants,

> "* * * ADMIT that Plaintiffs were not named or provided for in the Will of Rosina Bronson, Deceased, and DENY each and every other allegation, part of allegation, matter and thing in said complaint contained, and every part and the whole thereof. * * *"

Based thereon they contend that the foregoing constitutes a judicial admission which "* * * waive[s] all controversy as to the question of pretermission between those defendants and plaintiffs."

We disagree. The answer denies the allegation that appellants "were forgotten and are pretermitted heirs." That is precisely the issue which the complaint seeks to have determined. The allegation admitted only the obvious facts that the appellants were not individually named in the will and that no provision was made therein for them.

■ We turn now to the contention that appellants are pretermitted heirs and, therefore, as such entitled to a share of the estate. We consider the claim first under Oregon law and thereafter under California.

At the time of decedent's death ORS 114.250 provided:

> "If any person makes his will and dies, leaving a child or children, or, in the case of their death, descendants of such child or children, not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, so far as regards such child or children or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part."

In *Voden v. Yates,* 252 Or 110, 447 P2d 94 (1968), the Supreme Court said:

> "* * * [O]ur pretermission statute does not require that the children shall be designated by name, but that they are presumed to be unintentionally omitted unless the tenor of the will, or any part of it, indicates they were not forgotten. *Gerrish v. Gerrish,* 8 Or 351, 34 AR 585 (1880).
>
> "Children are not pretermitted if provided for as a class. [Citing cases.]" 252 Or at 114.

In *Towne v. Cottrell,* 236 Or 151, 387 P2d 576 (1963), the court said:

> " 'The object of the pretermission statute is to protect children from omission by oversight and not to require that an actual provision be made for them, nor that the children be designated by name.' [Citing cases.]" 236 Or at 153-54.

The foregoing statute was "an exact copy of the Missouri statute." *Gerrish v. Gerrish,* 8 Or 351, 354 (1880); *Reed et al v. Reed, Exec. et al,* 215 Or 91, 97,

332 P2d 1049 (1958). In the latter case the court considered the claim of the children of a daughter who had been left $5, but had predeceased her mother to inherit as pretermitted heir. The court quoted with approval the following from a Missouri case:

" '* * * It is not, in our opinion, a question of whether a substantial amount was left by testator's will to the heirs alleged to be pretermitted. The question is: Were they forgotten and unintentionally omitted by him? If the testator's will names or provides for heirs, alleged to be pretermitted, expressly or in fact, in any amount, whether substantial or not, the will itself thus demonstrates that they were not forgotten or unintentionally omitted * * *. [Lawnick v. Schultz, 325 Mo 294, 28 SW2d 658 (1930).]' " 215 Or at 99.

*See also,* 1 Jaureguy and Love, Oregon Probate Law and Practice 384, § 394.

The governing statute in California (Cal Probate Code § 90) provides:

"When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, *unless it appears from the will that such omission was intentional,* such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate." (Emphasis supplied.)

Appellants rely upon that statute and upon *Estate of Torregano,* 54 Cal2d 234, 5 Cal Rptr 137, 352 P2d 505, 88 ALR2d 597 (1960), in support of their claim that under the law of California they must be considered as pretermitted heirs.

*Torregano* cautions that the disinheriting of a class is not alone necessarily sufficiently specific to constitute the disinheriting of a particular person and that evidence may be considered as well as the will itself in making that determination. The class designation to which the court there was referring was a general provision which left one dollar to any person who contested the will. Furthermore, there was evidence in that case that the contestant, who claimed to be the child of testator, had been thought by testator to have predeceased him.

"* * * Such general language, referring as it does to a large class of persons, cannot be deemed, as a matter of law, necessarily to include a close relative who the testator mistakenly thought dead. * * *" Torregano's Estate, supra, 54 Cal2d at 248.

The court held that evidence concerning the testator's knowledge of and intent concerning the contestant was proper. In the case at bar the trial court did hear and consider extensive testimony from both sides. Subsequent California cases support this conclusion.

In *Estate of McClure,* 214 Cal App 2d 590, 593, 29 Cal Rptr 569 (1963), the court said:

"* * * [The] fact that a testator had in mind a particular person for whom he made no provision in his will need not be made to appear from language designating that person by name. * * * The use of language designating a class of which that person is a member may suffice to establish such fact, if the designation used refers to those who might otherwise be pretermitted. * * * However, the intent expressed by a class designation may not be the same in all instances. Although the use of such language under one set of circumstances may indicate that the testator had a particular relative in mind when making his will, when used under

other circumstances it may not so indicate. * * *"
(Quoted with approval in In re Estate of Bank, 248
Cal App 2d 429, 433, 56 Cal Rptr 559, 562 (1967).)

In another California case the court stated:

"Language designating the omitted persons by
class, rather than by name, may establish inten-
tional omission of a child (*Van Strien* v. *Jones,* 46
Cal. 2d 705, 707 [299 P.2d 1], and cases there cited),
or a grandchild (*Estate of Talmage,* 114 Cal.
App.2d 18, 21) [249 P.2d 345]. These rules are not
abrogated by *Torregano* (*Estate of McClure,* 214
Cal. App.2d 590 [29 Cal. Rptr. 569] [hearing by
Supreme Ct. den.]). The Supreme Court holds only
that such general phraseology need not be con-
strued to show intended omission 'under every pos-
sible circumstance' (54 Cal.2d 251). There the evi-
dence supported an inference that testator thought
his child had died before the will was drawn." In
Re Groscup's Estate, 231 Cal App 2d 535, 537, 42
Cal Rptr 21, 22 (1964).

Applying the foregoing rules to this will and to
the evidence presented, we note the appellants are the
children of Otto Bronson. The will, after enumerating
her living children, states: "My son, OTTO BRON-
SON, has predeceased me." In the very next sentence
the will states: "I also have several grandchildren."
It is thus apparent that the testatrix was not unmind-
ful of her grandchildren.

The next paragraph disposes of all her property
among her five living children and provides:

"* * * [B]ut if any of them shall fail to sur-
vive me that deceased child's share in my estate,
whatever it might be is to go to the survivor or
survivors of my five aforenamed children, and not
to that deceased child's heirs or devisees."

Finally, in paragraph four she states clearly that

she "declined to provide for any heirs of mine" for whom specific provision is not made.

Here the trial court, after hearing the testimony, concluded appellants were intentionally omitted. The evidence showed that the testatrix was fully aware of the existence of both of them. It also showed that the relationship between her and her son, Otto Bronson, and the members of his family, including the appellants, became one of estrangement and upon occasion even of bitterness and obloquy, and that this continued after the death of Otto Bronson. We agree that the appellants were not unintentionally omitted and that the decedent was fully aware of their existence at the time she executed her will. The court correctly concluded that the appellants were knowingly and intentionally omitted by the testatrix from her will, and that they were not pretermitted heirs.

We conclude that the appellants were not pretermitted heirs under the law of either Oregon or California. Thus we do not find it necessary in this declaratory judgment suit to consider whether, at the time of her death, the testatrix was domiciled in Oregon or California. We therefore do not consider that claim of error.

The judgment is affirmed.